## NATHAN NEUFELD
### v.
## AUGUST RODIMINSKI.

*Malicious Prosecution— Embezzlement— Damages— Practice— Remittitur.*

1. An appellant must be responsible for all uncertainty and omissions in his bill of exceptions.
2. This court declines to pass upon the instructions in the case presented, it not appearing in whose behalf they were offered.

[Opinion filed June 25, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. EDGAR C. BLUM, for appellant.

Messrs. JOHN McGAFFEY and THEODORE G. CASE, for appellee.

GARY, J. Below, this was an action by the appellee against appellant for a malicious prosecution.

On the real facts, without reference to the alleged advice of counsel, the malicious character of, and the entire want of

probable cause for the prosecution, were abundantly proved. With no error of law in the case it would be impossible to disturb a verdict for the appellee.

The appellant was a dealer in goods that go into the making of picture frames, and the appellee was a maker of picture frames. The appellant supplied the appellee with such goods, nominally to be sold on commission, but in fact it is the baldest pretense, that the course of business was not, that the appellee was to cut up the moldings and use the other goods to make frames for sale by himself to his customers. Some fancied security for the price of goods which the credit of the appellant was not good enough to enable him to buy in the ordinary way on time, was the object of the simulation of a commission business. Several hundred dollars were due to the appellant, and as the appellee did not, probably could not, pay, the appellant prosecuted him as having embezzled money and goods.

We shall, therefore, pass over without further notice all argument of the counsel of the appellant on the questions of malice and want of probable cause. He urges that there is error in an instruction. Taking only his brief as a guide, that may be true, though even then it would be probably correct to say that the error had no influence on the result; but turning to the abstract and thence to the record it appears that the bill of exceptions is as follows:

" And thereupon the court gave to the jury, on behalf of the plaintiff, the following instructions, to wit: (here insert instructions for plaintiff.) To the giving of each and all of which instructions the defendant, by his counsel, then and there excepted. And thereupon the court gave to the jury, on behalf of the defendant, the following instructions, to wit: (here insert instructions given for the defendant.) And the defendant by his counsel then and there asked the court to give to the jury, also the following instructions, to wit: (here insert the refused instructions.) " Then follows the statement that the instructions were refused, and the defendant excepted.

Looking now for the instructions we find after the statement that the jury rendered a verdict against the defendant,

and after a motion for a new trial based upon six points, twenty pages of the bill of exceptions containing language usually used in instructions by courts to juries, the first page of which is headed, "Instructions Given," and the fifteenth page of which is headed "Instructions Refused."

A plausible conjecture that the latter were those asked by the defendant and refused by the court, would not be enough to justify us in reviewing them, though it would be easy to show that the refusal was right.

For fifty years, from Rogers v. Hall, 3 Scam. 5, to Alley v. Limbert, 35 Ill. App. 592, and probably in later cases not yet reported, courts of review in this State have been reiterating in various forms the proposition that "the appellant must be responsible for all uncertainty and omissions in his bill of exceptions." If those on the first fifteen pages were the instructions given in this case by the court to the jury, there is nothing to tell us which were on behalf of the plaintiff, though from the tenor of them we might guess which party would have been most likely to ask for them. Nothing can be done, then, about the instructions. The verdict was $3,000. We all agree that it is extravagant—exorbitant.

There is some question whether the fact that it is excessive should be considered here. The counsel for the appellant, though he assigned as one of the grounds for a new trial that the verdict was excessive, declined to press it. On the record was a wholly useless plea, wantonly charging the appellee with theft and embezzlement. From the brief here, it is not improbable that he was, by hint and insinuation, charged during the trial with arson also. There is, therefore, a good deal of excuse for liberal smart money. But with all excuses the verdict is unjustifiable; $50 would have been full compensatory damages.

We have therefore concluded if the appellee will remit $2,000 of the judgment below within fifteen days after this opinion is filed, to affirm the judgment for $1,000 and reverse it to the residue.

If he does not so remit the judgment will be wholly reversed and the cause remanded.

*Reversed and remanded.*