DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1911.

---

### Eugene Brunk, Appellee, v. C. C. Huthmacher, Appellant.

1. LARCENY—*what does not establish absolute ownership.* Held, in an action for malicious prosecution that absolute ownership of property for the alleged felonious taking of which the arrest was made, was not established in the defendant in the malicious prosecution suit, by proof of a bill of sale coupled with an admission of prior lien.

2. INSTRUCTIONS—*when requires excessive degree of care.* Held, that an instruction employing the word "satisfy" required a higher degree of proof than the law demands.

3. INSTRUCTIONS—*when definition of larceny erroneous.* Held, that an instruction defining larceny which omitted the word "steal" and which contained the words "alleged to have been stolen", was erroneous.

4. INSTRUCTIONS—*when refusal of correct will not reverse.* In the absence of prejudice resulting, the refusal of correct instructions will not reverse.

Appeal from the City Court of East St. Louis; the Hon. M. MIL-LARD, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 11, 1911.

J. H. MARTIN, JOHN M. HERBERT and L. O. WHITNEL, for appellant.

(295)

D. J. SULLIVAN, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Judgment was rendered in the lower court in favor of appellee and against appellant for malicious prosecution in the sum of $1,000. The verdict of the jury was for the sum of $5,000, but the plaintiff entered a *remittitur* of $4,000 which the court required as a condition to entering its judgment. The declaration alleges that on July 28, 1908, the appellant maliciously caused the arrest, imprisonment and prosecution of appellee in Jackson county, Illinois, upon a charge of larceny, without any probable cause to believe him guilty.

The evidence shows that appellee is a machinist and was sent to Grand Tower with one Boe, collecting agent, by the Weber Implement Company of St. Louis, to make some collections for said company of one Confer to whom it had sold an engine and other machinery against which it had a mortgage. On July 28, 1908, Confer owed the Weber Implement Company $1,000 on the notes secured by said mortgage and not being able to pay the same, Boe directed appellee to go out into the country and fire up the engine and bring the machinery to Grand Tower. Appellee went to the place where Confer had been using it, fired up the engine, attached it to the separator and started to Grand Tower. The roads being heavy he had to stop over night at a farm house, and returned the next morning to continue his journey with the machinery. When he got back to it he met there appellant, Confer, Jenkins, a constable, and another man. The constable asked Brunk what he was going to do with the machinery and was informed by him that he was going to take it to Grand Tower. The constable then arrested him, took him in a buggy to Grand Tower, and held him there on a charge of larceny

until Boe could drive to Murphysboro and return with a bail bond for him, about nine o'clock P. M. A preliminary trial was had before a justice of the peace and appellee was bound over to the grand jury on a charge of "stealing a threshing outfit." The grand jury at its next term in September heard the evidence but refused to indict appellee. Appellee was caused to make a trip to Murphysboro to meet the obligation of his bond, and made defense in the preliminary hearing. He was at no time imprisoned, but was in the custody of the officers for about fourteen hours on the day of his arrest. The evidence further discloses that the First National Bank of which appellant was president, also had a note and mortgage on this separator for about $724 which at the time given was a first lien, but it was long past due when this arrest occurred. Appellant also claimed that he had for the bank taken possession of this property under a bill of sale by Confer given the previous October when the bank's note was due, and that the machinery was at the time of the arrest being used by the bank through Confer as its agent.

It is first insisted by appellant that the court should have directed a verdict of not guilty at the close of all the evidence. We do not think the evidence warrants the conclusion that the defendant was proven to be the absolute owner of the separator as against the Weber Implement Company by reason of the bill of sale and the admission on the trial that the bank had the prior lien thereon. The entire ownership of the bank as against the implement company is not necessarily established by proof of these two facts; and if absolute ownership by the bank was thereby completely established, it would not necessarily defeat the appellee's suit for malicious prosecution. Neither do we think the appellant is warranted in his statement that there is no evidence tending to establish the fact that Huthmacher aided, abetted, advised or encouraged the ar-

rest of Brunk. He had told Boe the day before that if he, Boe, took the property he would have him arrested for stealing. He was present with the marshal or constable when he made the arrest, and as they all were going to Grand Tower and met Boe, appellant said to him: "We have got your man." They then took appellee to appellant's store. Appellant came into the store with the justice of the peace with his docket, and when the appellant was asked by the justice of the peace what the charge should be, he answered, "Stealing a threshing outfit." The complaint while not signed by appellant was signed by Rowe, appellant's clerk at his store. It is true, however, that there is no positive evidence that appellant told Rowe to file the complaint, or that he asked the constable to arrest him. But any fact may be proved by circumstantial evidence. The evidence on behalf of appellee is very strong and, in our judgment, the jury were amply warranted in finding appellant guilty.

Appellant also insists that the court erred in the giving and refusing of instructions. Appellant's refused instruction, No. 6, states the law correctly, to-wit:

"In order to sustain this action for malicious prosecution, it must be proved by the greater weight of all the evidence that the prosecution complained of was instituted or instigated by the defendant, Huthmacher, and that such prosecution was made with malice, and it must further also appear from the greater weight of all the evidence that such prosecution was without probable cause; if each of these requisites are not so proved you should find for the defendant."

Instructions Nos. 7 and 10, also contained correct statements of the law. Refused instruction No. 2, however, is bad in that it required a higher degree of proof than the law demands by the use of the word "satisfy." Refused instruction No. 8 states the law correctly, but it was properly refused because it merely states an abstract proposition of law. Appellant's

refused instruction No. 9, is erroneous in failing to correctly define larceny, omitting in said definition the word "stealing." Errors, if any, in the other refused instructions of appellant are waived because not argued.

The majority of the court are of the opinion that appellee's given instructions state the law correctly, and that while some of the refused instructions of appellant state correct propositions of law, yet, that the principles embodied in said refused instructions were all contained in other given instructions, and that appellant was therefore not prejudiced by such refusal.

The majority of the court are, also, of the opinion that the judgment of the court in this case is not excessive; and that inasmuch as the jury were correctly instructed, the judgment of the lower court ought to be sustained, although the verdict of the jury for $5,000 was found by the court to be excessive and a *remittitur* of $4,000 was ordered. Doremus v. Hennessy, 62 Ill. App. 391; Neufeld v. Rodiminski, 41 Ill. App. 144; Freeman v. Tinsley, 50 Ill. 497.

The judgment of the lower court is therefore affirmed.

*Affirmed.*

PER CURIAM. After the foregoing opinion was filed, a rehearing was granted on petition of appellant. Upon further consideration of the cause, the court is still of the opinion that the judgment should be affirmed. The appellee made out a clear case against the appellant in which he was entitled to punitive damages and the appellant did not give any testimony tending to show that appellee was guilty of larceny or that he believed him to be guilty of such crime. Appellant was well apprised of the fact that appellee was merely aiding Boe to foreclose the mortgage for the implement company, and there was no ground for

believing to the contrary. Appellant could not have been prejudiced, therefore, if the court had refused a correct instruction defining larceny, etc., as appellant's instruction number nine attempts to do. We still hold, however, that the instruction does not contain a correct definition of larceny and that the instruction is otherwise objectionable. The words, "alleged to have been stolen," render the instruction bad. No pleading or witness in the case "alleged" that it was stolen. The instruction then fails to use the word steal, in the latter part of the instruction where it should be used in the phrase, "and did believe that the plaintiff intended to wrongfully, unlawfully and feloniously to take," such property. The words, "wrongfully, unlawfully and feloniously take," do not necessarily mean to steal. The case being one in which the giving of exemplary damages was within the discretion of the jury, and one in which a verdict of not guilty could not be reasonably sustained, under the holding in the case of Amann v. Chic. Trac. Co., 243 Ill. 263, we think that substantial justice has been done and that the judgment should be affirmed. The judgment of the lower court is therefore affirmed.

*Affirmed.*