## O. F. Songer, Appellee, v. Anthony Pfeiffer, Appellant.

1. APPEAL AND ERROR, § 943*—*how question of defective record raised.* The better practice is to call the attention of the Appellate Court to a defective record by a proper motion, but where counsel calls its attention to such a vital defect as the absence of the signature of the trial judge to the bill of exceptions in his brief, the appeal will be dismissed.

2. APPEAL AND ERROR, § 842*—*when signature of trial judge to bill of exceptions necessary.* The Appellate Court has no power to review anything contained in a purported bill of exceptions where it has not been signed by the trial judge.

3. APPEAL AND ERROR, § 1120*—*when case dismissed on appeal for insufficiency of record.* A case may be dismissed on appeal where the purported bill of exceptions has not been signed by the trial judge.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1915. Appeal dismissed. Opinion filed April 17, 1916.

PERRIN & KIRCHER, for appellant.

_____

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SCHAUMLEFFEL & JOHNSON, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

It appears from the record in this case that the appellee brought a suit against appellant for slander, charging that appellant stated to him in the presence of other persons: "You are a thief. You stole my bill of lading and placed it in your drawer." A trial was had and judgment rendered against appellant for one hundred and fifty dollars, and costs of suit, and to reverse that judgment appellant prosecutes this appeal.

Counsel for appellee in his brief calls the attention of the court to the fact that no proper bill of exceptions has been filed in this case; that the purported bill of exceptions has not been signed by the trial judge. An examination of the record filed shows this to be true, and counsel insist for this reason the court has no power to consider the case upon its merits, and that the appeal should be dismissed. We think the better practice in cases of this kind is to call the attention of the court to the defective record by a proper motion, but as the signature of the trial judge is necessary and without it this court has no power to review anything contained in the purported bill of exceptions, we are of the opinion that the appeal should be dismissed.

*Appeal dismissed.*