THIRD DISTRICT—OCTOBER, 1918.    143

Schoettker v. Grand Lodge, A. O. of U. W. of Ill., 214 Ill. App. 143.

## Edward C. Schoettker et al., Appellees, v. Grand Lodge, Ancient Order of United Workmen of Illinois, Appellant.

1. JUDGMENT, § 145*—*when refusal to set aside default judgment not error.* The refusal to set aside a default judgment was not error where the affidavit of merits, filed with the pleas after the entry of the judgment, merely stated that defendant had a good defense upon the merits to the whole of plaintiff's demand, and thus failed to set up any defense.

2. JUDGMENT, § 106*—*when judgment by default proper.* Under section 55 of the Practice Act (J. & A. ¶ 8592), requiring filing of an affidavit of merits by a defendant specifying the nature of his defense, a judgment by default was properly entered in the absence of an appearance or plea with an affidavit of merits.

3. APPEAL AND ERROR, § 969*—*what recitals in record not considered.* Recitals of the conclusions of the clerk in the record are extra-official, of no legal effect and cannot be considered by the court.

4. APPEAL AND ERROR, § 951*—*when recital expunged from record.* A citation in the record of a default judgment that, as per the letter and request of a named attorney, such attorney was entered as attorney of record for defendant and his name placed as such attorney on the general docket and judge's docket, was expunged from the record on the ground that it was merely an extra-official recital of the clerk which had no legal effect.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed October 22, 1918. Rehearing denied April 3, 1919. *Certiorari* denied by Supreme Court (making opinion final).

JOSHUA R. H. POTTS, for appellant; BRAYTON G. RICHARDS and ARTHUR A. OLSON, of counsel.

BARBER & BARBER, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On August 22, 1917, Edward C. Schoettker, Harry J. Schoettker and Frank J. Schoettker, sons and only heirs at law of John H. Schoettker, deceased, brought their action in assumpsit against appellant to recover $2,000, the principal amount of the certificate of insurance issued by the latter upon the life of said John H. Schoettker. The suit was brought to the September term of the Circuit Court of Sangamon county. On August 23, 1917, more than 10 days before the first day of said September term, a declaration was filed together with a copy of the certificate sued upon and an affidavit of amount due. Service was duly had on appellant, and on September 5, 1917, being one of the regular days of the September term, appellant was called and defaulted for want of any appearance or plea, and judgment was rendered against it in the sum of $2,000, interest and costs.

On September 11th pleas were filed by appellant, to which was attached an affidavit of merits executed by Joshua R. H. Potts, stating that he was the Grand Master Workman, an officer of appellant, and that he verily believes that appellant has a good defense to, this suit upon the merits to the whole of plaintiff's demand. On September 17th appellant made a motion to set aside the default and judgment and for leave to plead. This motion was supported by certain affidavits, and upon a hearing before the court was overruled. To reverse the action of the court in overruling this motion, the appeal in this case is prosecuted.

In the record is this citation, ''And afterwards, towit, on the 27th day of August, A. D. 1917, as per letter and request of Joshua R. H. Potts, he was entered as attorney of record for defendant and his name placed as such attorney for defendant on the general docket and the judges docket, as the same now appears of record.''

A motion has been made in this court to expunge the above from the record. A clerk cannot in a tran-

script of the record interpolate his conclusions of what the record shows. The transcript should be a correct copy of the record itself and the papers on file, and nothing else. Such recitals entered by the clerk are extra-official, of no legal effect and cannot be considered by this court. *Gould v. Howe,* 127 Ill. 251; *Grand Pacific Hotel Co. v. Pinkerton,* 217 Ill. 61; *Stanberry v. Moore,* 56 Ill. 472; *Augustine v. Doud,* 1 Ill. App. 588. The motion to expunge this extraneous matter from the record is allowed.

No appearance or plea with an affidavit of merits were on file when the default and judgment were taken, and at that time, under section 55 of the Practice Act (J. & A. ¶ 8592), appellees were entitled to their judgment. The affidavit of merits filed with the pleas after the judgment was entered does not comply with this section, which specifically provides that the affidavit should specify the nature of the defense. No defense of any kind was set out in the affidavit, and it was insufficient as an affidavit of merits. *Rodgers v. Ridgley,* 205 Ill. App. 22.

The court did not err in overruling the motion to set aside the default and judgment, and its judgment in overruling the motion is affirmed.

*Affirmed.*