## Tibbitts-Hewitt Grocery Company, Appellant, v. Sam Cohen, Trading as White House Market and G. T. Chappee, Appellees.

Opinion filed February 12, 1930.

Robert F. White and John V. Lee, for appellant.

Griffiths & Lueders, for certain appellee.

Mr. Justice Newhall delivered the opinion of the court.

This was an action of attachment in aid of assumpsit instituted by appellant against Sam Cohen, in which a

stock of groceries and fixtures of a retail grocery were attached while in the possession of appellee G. T. Chappee, who was made a party defendant in the court below and filed an intervening petition claiming title and right to the possession of all of the goods attached.

On the trial of the case before the court, without a jury, judgment was rendered in favor of appellees, dissolving the attachment and directing the return of the goods attached to appellee G. T. Chappee.

Appellant brings what purports to be a record of the case in the trial court for review and contends in its brief that the trial court erred in entering final judgment.

No assignment of errors has been written upon, or attached to the record, as required by the rules of this court. No errors having been assigned on the record, there is and can be no joinder in error and therefore, no issue for this court to try. *Paul v. National Accident Society,* 249 Ill. App. 302, 303. In the transcript of record filed in this court there appears what purports to be an assignment of errors that was filed in the circuit court of Madison county.

The record filed in this case purports to be a transcript of pleas and proceedings had before the Honorable Henry G. Miller, presiding judge of the circuit court of Madison county and the clerk has certified that the record contains a copy of the bill of exceptions and all papers filed and proceedings had in said cause. From an examination of the record it does not appear that there ever was any bill of exceptions signed or certified to by the trial judge and filed with the clerk of the circuit court. This court has no power to review anything contained in a purported bill of exceptions which has not been signed or certified to by the trial judge and where such appears it is the practice of this court to dismiss the appeal. *Songer v. Pfeiffer,* 199 Ill. App. 190. The only way in which such evidence can be preserved for the consideration of a reviewing

court is by bill of exceptions, and in the absence of a proper bill of exceptions this court will not review the evidence on appeal, in an action at law, and will presume that the evidence supports the judgment of the trial court. Where a party litigant desires to preserve anything for review, outside of the common-law record, it must be contained in a proper bill of exceptions. *In re Estate of Janett,* 199 Ill. App. 13.

From an examination of the judgment order entered by the trial court on May 28, 1929, it appears that the court, after rendering judgment, allowed appeal upon the plaintiff in the court below giving bond, and bill of exceptions was to be filed within 60 days, but nowhere in the record does it appear that there was even a purported bill of exceptions signed or certified by the trial judge and filed with the clerk. In the record there appears to be a transcript of the testimony and the exhibits filed with the clerk of the court below on the 26th of September, 1929, but this testimony, and exhibits, do not purport to be a part of any bill of exceptions that was certified to by the trial judge.

In view of this state of the record the appeal will be dismissed at appellant's costs.

*Appeal dismissed.*