Franklin County Building Association, Defendant in Error, v. Lavo Smith et al., Plaintiffs in Error.

Heard in this court at the
Opinion filed January 19, 1931.

D. F. MOORE, for certain plaintiffs in error. T. I.
GALLOWAY, *Pro Se.*

MOSES PULVERMAN and FRANK E. TROBAUGH, for de-
fendant in error; TILMAN B. CANTRELL, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the
court.

The Franklin County Building Association filed its
bill against Lavo Smith et al., to foreclose a mortgage
in the circuit court of Franklin county, Illinois. The
hearing was had on the bill and answer; a decree was
entered in favor of the Building Association and
against the defendants. A personal judgment was ren-
dered against the defendants Lavo Smith, James D.
Smith, Jr., and Ollie D. Smith, for a deficiency decree
for the sum of $422.98.

The defendants below have brought the suit to this
court on a writ of error, and the Franklin County
Building Association has filed its briefs and arguments
in this court. The Franklin County Building Associa-
tion has filed a motion, verified by affidavit, to strike
the purported certificate of evidence from the record
and to dismiss the writ of error at the cost of the plain-
tiffs in error, for the reason that the certificate of evi-
dence is not signed by the trial judge.

It is the contention of the plaintiffs in error that
this motion should be overruled for the reason that the
Franklin County Building Association has filed its

statements, brief and arguments, and, therefore, has joined in error in this court, and it is not now in a position to raise the question that the certificate of evidence is not signed by the trial judge. The affidavit of the attorney for the Building Association shows that they did not have the record before them at the time they prepared their brief and arguments, but relied upon the abstract as prepared by the plaintiff in error, which shows the certificate of evidence has been signed by the trial court. They have since examined the original copy filed in the circuit court of Franklin county and discovered that the certificate of evidence has not been signed by the trial judge.

It has been repeatedly held that the bill of exceptions or the certificate of evidence that is not signed and filed as provided by law, on motion will be dismissed. In the recent case of *Tibbitts-Hewitt Grocery Co. v. Cohen*, 256 Ill. App. at page 459, the same question was before this court and the appeal dismissed.

Where the certificate of evidence is not signed by the trial judge, there is nothing to present to this court for review. The Building Association, by filing its brief and arguments, would not be prevented from making a motion to dismiss the writ of error. (*Songer v. Pfeiffer*, 199 Ill. App. 190, and *In re Estate of Martha Janett*, 199 Ill. App. 13.)

An examination of the transcript in this case discloses that the certificate of evidence is not signed by the trial judge; nor was it filed in the time specified by the trial judge. We are of the opinion that the motion should be sustained.

The motion to strike the purported certificate of evidence from the record and to dismiss the writ of error at the cost of the plaintiff in error is hereby sustained.

*Motion sustained.*