## Anna Suttles, Appellant, v. Jacob Zimmerman et al., Appellees.

Opinion filed November 9, 1936. Rehearing denied December 14, 1936.

D. G. THOMPSON, of Mt. Vernon, for appellant.

ALBERT E. ISLEY, of Newton, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Effingham county dismissing for want of equity a

complaint filed by appellant, against appellees. There was a submission of certain issues of fact to a jury, who found thereon for appellees. The court allowed the advisory finding of the jury and entered a decree in conformity therewith, which this appeal seeks to reverse.

Appellees challenge the jurisdiction of this court to entertain the appeal, alleging, among other reasons, that the purported transcript of proceedings was not authenticated by the chancellor as required by Ill. State Bar Stats. 1935, ch. 110, ¶ 202 (subsec. 2 of sec. 198, ch. 110, Smith-Hurd's Statutes of 1935) the terms of which are in part: "The trial court record shall include every writ, pleading, motion, order, affidavit and other document filed or entered in the cause, and all matters before the trial court which shall be certified as a part of such record by the judge thereof. All matters in the trial court record actually before the court on appeal may be considered by the court for all purposes, but if not properly authenticated the court may order such further authentication as it may deem advisable."

In *First Nat. Bank v. 10 W. Elm St. Bldg. Corp.*, 277 Ill. App. 337, the court, in construing said section, held that all matters before the trial court shall be certified by the judge.

Upon the last page of the purported transcript of proceedings appear two forms of certificate—one to the effect that "the foregoing transcript is a true, full and complete record of the proceedings, together with all rulings of the trial court and evidence taken at the trial"; which was not signed by the trial judge. The other certificate reads as follows: "Presented for signature this 13th day of March, A. D. 1934"; and signed by the judge.

The transcript of proceedings required by said section 198 is in lieu of, and a substitution for the bill of exceptions provided for in the former Practice Act

and which was only complete and effective when it bore a certification of correctness signed by the presiding judge.

This court, in *Tibbitts-Hewitt Grocery Co. v. Cohen,* 256 Ill. App. 459, stated: "This court has no power to review anything contained in a purported bill of exceptions which has not been signed or certified to by the trial judge, and where such appears it is the practice of this court to dismiss the appeal."

The practice in such cases was further declared by this court, in *Songer v. Pfeiffer,* 199 Ill. App. 190: "We think the better practice in cases of this kind is to call the attention of the court to the defective record by a proper motion, but as the signature of the trial judge is necessary, and without it this court has no power to review anything contained in the purported bill of exceptions, we are of the opinion that the appeal should be dismissed."

We think the authorities cited establish the rule that the transcript of proceedings, now provided for by the Civil Practice Act, must be authenticated as to completeness and correctness, by the signature of the judge presiding at the trial, and that unless same is done it is the duty of the reviewing court to dismiss the appeal when its attention is drawn to such fact.

It remains to consider whether the certificate of the judge that the transcript had been presented for his signature, amounts to such an authentication as the statute requires.

A like situation was presented in *Harvey v. State,* 4 Ind. App. 422, 31 N. E. 835, where, under a statute similar to ours, the court certified that "the foregoing and within bill of exceptions in the case of *The State of Indiana v. Peter C. Harvey* was tendered to me for my signature on the 20th day of November, 1891." The court, in commenting thereon, said: "This is the only certificate or statement in and about the bill of

exceptions purporting to come from the judge. It appears nowhere that he had examined and approved the bill, nor does his signature appear thereto at any other place. This, however, is essential under sec. 629, R. S. 1881. It is not enough that the document should be presented to the judge, and the fact of such presentation certified to by him, but it must be examined, and if found correct, that fact must also be attested by the official signature. This is the judicial determination of the correctness of the bill, and without it this court cannot take cognizance of it as such.''

Here, the only certificate of the trial judge was that the transcript was "presented for signature.'' So far as appears he did not examine its contents nor know whether they were correct or otherwise, and certainly did not certify to such fact, as the statute requires. Within the rule and reason of the decision of the Indiana court, there was no authentication of the purported transcript of proceedings.

We observe that the concluding sentence of said section 198 provides that if the transcript be "not properly authenticated the court may order such further authentication as it may deem advisable.'' This manifestly contemplates occasions where there is an attempted authentication which is for some reason defective or faulty, and not to situations where there is no attempt to certify to the correctness of the transcript. This would appear from the statutory wording, that the court may order "such *further* authentication as it may deem advisable.'' Before there could be *further* authentication there must necessarily have been *some* authentication, which the *further* authentication was to correct or supplement. The word "further'' in such situations signifies "additional.'' *London & S. F. Bank v. Parrott,* 125 Cal. 472, 58 Pac. 164; *Thompson v. Southern R. R. Co.,* 116 Fed. 890; *Hitchings v. Van Brunt,* 38 N. Y. 335. The expression *"further*

authentication,'' implies an actual *previous* authentication. *Smith v. Shippers' Oil Co.,* 120 La. 640, 45 So. 533.

There being no certificate by the trial judge as to the correctness and completeness of the purported transcript of proceedings, it follows that there is no transcript of proceedings as required by statute, hence nothing for this court to review. The appeal is dismissed.

*Appeal dismissed.*