Gertrude Dorgan, Appellant, v. Hubert Graeber, Appellee.

Gen. No. 44,340.

Opinion filed November 10, 1948.   Released for publication December 2, 1948.

ROBERT IRMIGER, of Chicago, for appellant; ROBERT E. CUSACK, of Chicago, of counsel.

ROSS, BERCHEM & SCHWANTES, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Gertrude Dorgan filed a complaint in the circuit court of Cook county against Hubert Graeber, alleging that she suffered personal injuries as a direct result of the negligent operation of an automobile by defendant. A trial resulted in a verdict of "not guilty." Plaintiff's motion for a new trial was overruled and judgment was entered on the verdict. Plaintiff appeals.

The parties agree that the case presented factual issues to be determined by the jury. Plaintiff asks reversal on the sole ground of error in the giving of instructions. The record and supplemental record do not show by whom the instructions were tendered. In *City of Chicago v. Callender*, 396 Ill. 371, in a similar factual situation, the court said (382): "In this state of the record objections to the instructions obviously can-

504

not be considered." In *Janelunas v. Chicago Fraternal Life Ass'n*, 286 Ill. App. 219, the court, observing that the record did not show at whose instance the instructions were submitted, said (224): "No question based on the instructions is saved." In *Gidlof v. Grosser*, 335 Ill. App. 124 (abst.) we said:

"No authority or citation is offered by Gidlof as a basis for our considering his objections to the instructions. We consider it a dangerous practice to infer from a reading of an instruction, without more, that one party or the other offered it. *Neufield v. Rodiminski*, 41 Ill. App. 144. We shall not consider the points raised on the instructions. *Price v. Bailey*, 265 Ill. App. 358." See also *Horvat v. Opas*, 315 Ill. App. 229.

In the state of the record objections to the instructions cannot be considered. The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

Kiley and Lewe, JJ., concur.