Morris I. Tir, Appellant, v. Meyer Shearn and Harry Feldman, Trading as Ever-So-Fresh Co., Appellees.

Gen. No. 46,296.

Opinion filed May 3, 1954. Released for publication May 27, 1954.

ROSENHOUSE & GROUPE, and KAMIN & GLEASON, all of Chicago, for appellant; BEN W. GLEASON, of Chicago, of counsel.

THOMAS E. DEACY, JR., of Chicago, for appellees; JAMES J. HOFFNAGLE, and TAYLOR, MILLER, BUSCH & MAGNER, all of Chicago, of counsel.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from a judgment entered on a verdict of not guilty in his action for personal injuries sustained when struck by the motor truck of defendants on or near the south crosswalk at the right-angle intersection of California and North avenues in Chicago.

There is a direct conflict in the evidence as to whether plaintiff was struck on, or about 15 feet or so from, the crosswalk; whether, at the time, the lights controlling traffic at the intersection were green for north and south traffic and whether plaintiff was running or walking when struck. The grounds of appeal urged by plaintiff are that the verdict is against the manifest weight of the evidence, that the court erred in its rulings in respect to instructions and that it erred in refusing to permit plaintiff to show that an investigator taking statements in behalf of defendants was in the employ of defendants' insurer.

The accident occurred about noon on a dry, clear day in November 1951. Plaintiff, a practicing physician, left the Norwegian American Hospital in the automobile of Dr. Hans W. Nilssen and approached the intersection from the south on California avenue. Dr. Nilssen stopped his car south of the traffic light at the southeast corner of the intersection. This traffic light, as shown by a photograph in evidence, is south of the crosswalk, and Dr. Nilssen testified that he was far enough to the south of the traffic light to permit him to see the light without stooping. According to the testimony of plaintiff and Dr. Nilssen the light for north and south traffic was red when Dr. Nilssen stopped his car; plaintiff got out on the right-hand side, went around in front of the automobile to cross California avenue to the west, where an eastbound bus was stand-

ing at the southwest corner of the intersection. Plaintiff's office was at the intersection of North avenue and Milwaukee avenue, to the east of California avenue. There are streetcar tracks on California avenue. Plaintiff testified that when he got beyond Dr. Nilssen's automobile he looked to the south and saw the approaching truck; that he stepped back, turning to the right, and was struck by defendants' motor truck. The head of the femur in his left leg was broken, it has not healed satisfactorily, and evidence supports plaintiff's contention that the injury will be permanent. He was past 65 years of age at the time of the accident.

■ Testimony on behalf of the defendants is that plaintiff got out of Dr. Nilssen's car and attempted to cross the street by passing to the rear of Dr. Nilssen's automobile and in front of a car standing behind it. The defendant driver of the motor truck claims he was not driving over 15 miles an hour, that when plaintiff came from between the two automobiles he was not more than 10 feet from defendants' truck, which was in the northbound streetcar tracks. The driver claims that he turned to the left but that plaintiff ran or stepped into the front fender. Wesley A. Leach was the driver of a third northbound automobile waiting for the change of lights. He did not know any of the parties involved in the accident. He testified that plaintiff passed to the rear of Dr. Nilssen's car, a short distance in front of the truck. Plaintiff claims that he was walking. Dr. Nilssen testifies that plaintiff may have been hurrying, that he was not running. Plaintiff denies that he was attempting to get the standing bus. The jury accepted defendants' version of the occurrence and rejected the claims of plaintiff. Plaintiff's contention that the testimony of Leach is inherently improbable in that he would be unable to see plaintiff passing between the car immediately in front of him and the

car of Dr. Nilssen, cannot be sustained. There are no physical facts in evidence tending to corroborate or contradict the testimony of the witnesses. We cannot hold that the verdict is contrary to the evidence.

Plaintiff objects to the giving and refusing of certain instructions. No instructions are preserved in the report of the proceedings at the trial. In the common-law record there are four sheaves of paper, certified respectively by the clerk as "given instructions—defendants," "given instructions—plaintiff," "refused instructions—defendants," and "refused instructions—plaintiff," filed in his office on March 19, 1953. On the margin of each paper in the sheaves, described respectively as given or refused instructions, is the word "given" or "refused" in typewriting. Under the words "given" or "refused" on each paper in the sheaves, described respectively as plaintiff's or defendants' instructions, is the letter "p" or "d" in lead pencil. Plaintiff's praecipe for record calls for all given and refused instructions. The final certificate of the clerk is to a complete transcript as per the praecipe for record.

Defendants contend that no question relating to the giving or refusing of instructions is saved for review because the instructions are not included in the report of the proceedings, there is no proper identification of the party tendering the instructions and no showing that the instructions before the court are all the instructions offered or given at the trial. Plaintiff answers that under section 74(2) of the Civil Practice Act and Supreme Court Rule 36(4)—(Rule 1(4) of this court) [Ill. Rev. Stats. 1953, ch. 110, §§ 198, subd. (2), 259.36, subd. (4); Jones Ill. Stats. Ann. 104.074, subd. (2), 105.36, subd. (4)], it is no longer necessary to preserve instructions in the report of proceedings and that the certificate of the clerk as to instructions given and refused, and by whom tendered, must be ac-

cepted in the absence of a motion by defendants, supported by affidavit, that the statements of the clerk are incorrect and prejudicial.

██ There is no merit in plaintiff's contentions. By a long and unbroken line of decisions it has been uniformly held that errors cannot be predicated upon rulings of the court in giving or refusing instructions unless all instructions offered and given at the trial are properly preserved in the record and the party offering each instruction is certified by the trial judge. We cite only *People v. Gambony,* 402 Ill. 74, *Gill v. Skelton,* 54 Ill. 158, and *Paul v. National Accident Society,* 249 Ill. App. 302, 304. As said in *People v. Ladas,* 374 Ill. 419, section 74(2) of the Civil Practice Act "sets forth the requirements for the trial court record, but does not purport to provide the manner of saving questions for review." In *City of Chicago v. Callender,* 396 Ill. 371, where alleged errors in giving and refusing instructions were raised by appellant, the court said (p. 381):

"The alleged errors with reference to the instructions cannot be considered. The instructions are not included in the report of proceedings where they should be. They are incorporated only in the common-law record. While the abstract is interspersed with appropriate statements showing that certain instructions were given and certain instructions refused, the record does not justify these statements. The instructions are not certified by the trial judge and made a part of the report of proceedings, and are not properly preserved in the record."

Subsequent Appellate Court decisions of like effect are *Gidlof v. Grosser,* 335 Ill. App. 124 (abst.); *Dorgan v. Graeber,* 335 Ill. App. 503; *Darnell v. Strand Hotel Corp.,* 343 Ill. App. 517 (abst.); *Thomas v. Mosheim,*

262

345 Ill. App. 184 (abst.); *Miller v. Green,* 345 Ill. App. 255; *Seeden v. Kolarik,* 350 Ill. App. 238, 245–248.

 Furthermore, it may be added that the refused instructions are not properly a part of the common-law record. In the absence of statute or rule, neither given nor refused instructions are a part of that record. 3 Am. Jur., Appeal and Error, sec. 601. By amendment to section 67(2) of the Civil Practice Act in 1941, directing the filing of given instructions "as a part of the proceedings in the cause," the given instructions are made a part of the record. There is no statute or rule directing or permitting refused instructions to be filed as a part of the common-law record. There is nothing on the purported instructions to show that they were presented to and refused by the trial judge, and there is no presumption that they were so presented and marked. The clerk has no authority to determine these facts, to receive and file the "refused instructions" or to certify that such papers are refused instructions. His certificate to that effect is extra-official, of no legal effect and cannot be considered by this court. *Schoettker v. Grand Lodge, A. O. U. W. of Illinois,* 214 Ill. App. 143; *Gould v. Howe,* 127 Ill. 251. Likewise, the certificates of the clerk that certain papers were given and refused instructions of plaintiff or defendants are nullities. There being no authentication by an officer authorized to make it of the instructions as having been offered by either of the parties, or of the refused instructions as having been so marked by the trial judge, the provision of section 74(2) of the Civil Practice Act authorizing the reviewing court to order further authentication is inapplicable. *Suttles v. Zimmerman,* 287 Ill. App. 316. These facts can only be shown by a report of proceedings. The alleged errors in giving or refusing instructions cannot be considered.

Defendants attempted to impeach the testimony of plaintiff and Dr. Nilssen, called by him, by showing inconsistent statements made to an investigator employed by defendants' insurer. The court in chambers cautioned the parties against injecting the insurance company into the case and directed the witnesses to use the word "defendants" instead of "insurance company," their immediate employer, when interrogated as to the person for whom they were obtaining the statements. We see no error in this action of the court. We do not hold that it would have been error to have permitted or compelled witnesses called by the defendants to testify to the whole truth, as their oaths required, when asked about their employer. The examination was competent for the purpose of showing the interest of the witness, and this was shown by the answer given. Plaintiff was not prejudiced.

The judgment is affirmed.

*Affirmed.*

BURKE and FRIEND, JJ., concur.