MARINA B. TEKANSKY, Plaintiff-Appellee, v. WILLIAM RUSH PEAR-
SON, Defendant-Appellant.

First District (5th Division)    No. 1—93—1649

Opinion filed May 6, 1994.

Gregory R. Spelson, of Moss & Hillison, of Chicago, for appellant.

Boris Parad, of Boris Parad & Associates, P.C., of Skokie, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the
court:

Plaintiff brought this action to recover bodily injury damages
sustained as a result of the alleged negligence of the defendant in
operating a motor vehicle. Following a jury trial, at which the defen-
dant did not appear, the jury awarded judgment in favor of the

plaintiff and against the defendant in the amount of $25,046.79, plus costs.

The sole issue presented for review is whether the trial court erred in submitting Illinois Pattern Jury Instructions, Civil, No. 5.01 (3d ed. 1989) (hereinafter IPI Civil 3d No. 5.01).

On July 3, 1990, the plaintiff, Marina B. Tekansky, filed a complaint for bodily injuries allegedly resulting from an automobile accident. The defendant, William Rush Pearson (Pearson) filed an appearance and jury demand on July 24, 1990.

Prior to trial, plaintiff filed a demand for production which, *inter alia*, sought the production of defendant for examination pursuant to section 2—1102 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1102) immediately after the completion of opening statements.

The matter was first set for trial on January 23, 1991. On January 23, 1991, an agreed order was entered continuing the trial to April 22, 1991. On April 22, 1991, an agreed order was entered continuing the trial to June 13, 1991. On June 13, 1991, an agreed order was entered continuing the trial to September 18, 1991.

On August 27, 1991, the defendant filed a motion to continue the trial date to a date after December 1, 1991. In his affidavit in support of the motion, Pearson stated he was a professional performance artist and he would be performing in Maryland and Texas from August 20, 1991, through December 1, 1991. The trial court granted defendant's motion and continued the·trial date to February 26, 1992.

On February 26, 1992, an order was entered continuing the trial until May 27, 1992. On May 27, 1992, an order was entered continuing the trial until July 22, 1992.

On July 21, 1992, plaintiff presented an emergency motion to continue the trial date to a date after August 3, 1992. The plaintiff stated that she was going to be out of town due to her grandmother's illness. The trial court granted the motion and continued the trial to December 2, 1992. On December 2, 1992, an order was entered continuing the trial date to February 3, 1993.

On February 1, 1993, Pearson filed an emergency motion for continuance. Attached to the motion was Pearson's affidavit, which stated: (1) Pearson is a professional actor who was currently performing in a Los Angeles, California, play; (2) the play was scheduled to run through February 25, 1993; and (3) as a result of this acting job, Pearson would be unable to return to Illinois for the February 3, 1993, trial. Said motion was denied.

On February 3, 1993, the cause proceeded to a jury trial.

Following jury deliberations, the jury awarded plaintiff a judgment in the amount of $25,046.79, plus costs.

The defendant brought a post-trial motion pursuant to section 2—1202, raising the issues of the court's rulings with regard to the disputed jury instruction and closing argument statement. In the post-trial motion, defendant stated that defense counsel objected to the submission of IPI Civil 3d No. 5.01 on the basis that it was not appropriate when directed against a party and that said objection was overruled by the court on the grounds that the instruction applies equally to parties as well as witnesses. Defendant further stated that during closing argument, plaintiff's counsel commented, "you can see how much defendant cares about this proceeding by the fact that he did not bother to show up." Defendant further stated that defense counsel's objection to the comment was overruled and that the comment helped foster the presumption that anything defendant would have testified to would only be adverse to his defense, thus prejudicing the defendant in the eyes of the jury. Attached to the post-trial motion was a copy of IPI Civil 3d No. 5.01, which states as follows:

> "If a party to the case has failed to produce a witness within his power to produce, you may infer that the testimony of the witness would be adverse to that party if you believe each of the following elements:
>
> 1. The witness was under the control of the party and could have been produced by the exercise of reasonable diligence.
>
> 2. The witness was not equally available to an adverse party.
>
> 3. A reasonably prudent person under the same or similar circumstances would have produced the witness if he believed the testimony would be favorable to him.
>
> 4. No reasonable excuse for the failure has been shown." (IPI Civil 3d No. 5.01.)[1]

On April 3, 1993, the trial court denied defendant's post-trial motion.

Pearson filed a notice of appeal on May 3, 1993, appealing from the orders entering judgment and denying his post-trial motion. On June 18, 1993, the defendant filed a "Statement of Facts Pursuant to Supreme Court Rule 323" asserting that an objection to the jury instruction was made during the instruction conference.

For the following reasons, we affirm the decision of the trial court.

■ Initially, we address two motions this court took with the case.

---

[1]We note that the jury instruction does not specifically refer to Pearson. Without some type of report of proceedings, we are unable to determine if this instruction could have applied to any witnesses other than Pearson.

Plaintiff filed a motion to dismiss the appeal because the docketing statement was not timely filed and allegedly contained an improper certification by the attorney for the defendant. In his response to the motion, defense counsel argued and provided an affidavit to the effect that the attorney responsible for the appeal left defense counsel's law firm and that said departure was sudden and unanticipated. Defendant further alleged that the departing attorney was the supervisor of the appellate department and at no point informed any of the associates of the deadline for the filing of the docketing statement in this case. In an affidavit, defense counsel stated that immediately upon discovering that the docketing statement had not as yet been filed, he completed and arranged for the filing of the same. Although we do not condone the disregarding of time limits, we do not believe the defendant should be prejudiced under these circumstances, and since plaintiff has not alleged any prejudice, we do not dismiss the appeal because the docketing statement was 14 days late.[2] In addition, the docketing statement filed by Pearson stated that his attorney "made a written request for the preparation of the transcript at the office of the appropriate supervising court report" on "N/A" date. "N/A" was entered in a space provided for a date. Plaintiff argues that since there was no court reporter, such certification by the defendant's attorney was erroneous and improper. Defendant in turn argues that the abbreviation "N/A" was intended to indicate "not applicable." "N/A" is clearly not a specified date, and this court would interpret the abbreviation to indicate "not applicable." It would have been inappropriate to have indicated a date and since there was a blank space on the docketing statement for a date, an indication that a date was not appropriate or not applicable would seem to indicate that a date was not inadvertently left out. This is not an appropriate basis to dismiss this appeal.

■ Plaintiff filed a second motion to dismiss the appeal or, in the alternative, to strike the reply brief or portions thereof. Plaintiff argues: (1) defendant's reply brief should be stricken due to the fact that some of the arguments in said brief failed to strictly address plaintiff's brief and seeks to introduce new matters and evidence; (2) the appeal should be dismissed for a lack of report of proceedings; (3) defendant's appeal should be dismissed for failure to certify and file a report of proceedings; and (4) due to defendant's failure to comply with the rules of this court, the defendant should be sanctioned by

---

[2]We note, upon discovering the fact that the docketing statement would be filed late, defense counsel should have sought leave of court to file said statement at that time.

dismissing this appeal. The defendant filed an objection to the motion to strike and dismiss arguing that the reply brief responds directly to the assertions and arguments found in both the "Statement of Facts" and "Argument" portions of the plaintiff's brief. We do not rule on each specific allegation; however, we have disregarded any improper information in all of the briefs and our disposition of the case was based entirely on information contained in the record of appeal. We do not feel that the dismissal of the appeal is warranted as a sanction in this case. Finally, the remaining issues contained in plaintiff's motion are addressed in the body of this opinion.

■ As no court reporter was present at the trial, there is no verbatim transcript of the trial court proceedings. In addition, neither a file-stamped set of proposed instructions filed by the defendant nor a transcript of the instruction conference appears in the record on appeal.

Supreme Court Rule 323 provides in relevant part:

"(c) *** If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. It shall be served within 14 days after the notice of appeal is filed. ***

(d) *** The parties by written stipulation may agree upon a statement of facts material to the controversy and file it without certification in lieu of and within the time for filing a report of proceedings." (134 Ill. 2d R. 323.)

Although the defendant filed a statement of facts, it was filed in excess of 14 days after the notice of appeal was filed and therefore was not in compliance with Rule 323(c). (134 Ill. 2d R. 323(c).)[3] Pearson contends that the statement of facts was agreed to by the plaintiff, and defendant claims that the statement of facts was not stipulated to by the parties. Although the statement of facts was filed within the time for filing a report of proceedings, the statement of facts contained in the record contains nothing to support the contention that it was agreed to by the plaintiff. On its face, the document is not in compliance with Rule 323(d). 134 Ill. 2d R. 323(d).

In his reply brief, the defendant states that his attorneys made "a very concerted effort to procure a court reporter's services for this trial." Defendant also provided the affidavit of a secretary in defense counsel's firm which stated that despite many attempts, she was unsuccessful in securing a court reporter to attend the trial. First,

---

[3]Additionally, defendant never filed a motion requesting an extension of time for filing a statement of facts. See 134 Ill. 2d R. 323(e).

this information is not contained in the record on appeal and therefore we may not consider it. Second, regardless of defendant's alleged diligence, the fact remains that a proper report of proceedings is not before this court.

In *People v. Chamberlain* (1972), 5 Ill. App. 3d 235, 239, 282 N.E.2d 784, 788, the appellate court would not consider complaints as to the giving of certain jury instructions and the refusal of others where: (1) the defendant did not abstract all of the instructions; (2) the instruction conference was not included in the report of the proceedings; (3) the record did not contain a stipulation which was attached to the abstract and which indicated defendant had objected to the submission of certain instructions; (4) the instructions in the record were marked neither "given" nor "refused"; and (5) it was not possible to ascertain who tendered certain instructions or what was their source. See also *Tir v. Shearn* (1954), 2 Ill. App. 2d 257, 119 N.E.2d 406.

The record in this case does not contain any instructions given or rejected by the trial court. Although Pearson argues in his brief on appeal that defense counsel objected to the instruction on the basis that the instruction is not appropriate when directed against a party, the record is void of any objection being made to the submission of the jury instruction to the jury. Pearson, as an appellant who failed to provide a transcript or other report of the instruction conference, may not attack the instructions on appeal as no timely objection to the tender of the instruction appears of record. (*Chicago Housing Authority v. Rose* (1990), 203 Ill. App. 3d 208, 214, 560 N.E.2d 1131, 1135.) The objections in the post-trial motion came too late to preserve the issue for appeal. *Chicago Housing Authority v. Rose* (1990), 203 Ill. App. 3d 208, 214, 560 N.E.2d 1131, 1135.

It is the duty of every appellant in a reviewing court to properly preserve the record of proceedings for the information of the court, and where the evidence is not all brought before this court, a presumption exists that the evidence supported the trial court's rulings. *Wyman-Gordon Co. v. Bernardi* (1985), 135 Ill. App. 3d 685, 689, 481 N.E.2d 1285, 1288; see also *Robles v. Chicago Transit Authority* (1988), 173 Ill. App. 3d 46, 54-55, 527 N.E.2d 361, 367.

Accordingly, for the reasons set forth above we affirm the decision of the trial court.

Judgment affirmed.

GORDON and McNULTY, JJ., concur.