DEPARTMENT OF COMMUNICATIONS, Secretary of State, Plaintiff-Appellant, v. SECRETARY OF STATE MERIT COMMISSION *et al.*, Defendants-Appellees (Department of Personnel, Secretary of State, Defendant).

Fourth District   No. 4—84—0296

Opinion filed March 27, 1985.

Stratton, Nardulli & Lestikow, of Springfield (Steven Nardulli and Judy Kjellander, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Rita M. Novak, Assistant Attorney General, of Chicago, of counsel), for appellee Secretary of State Merit Commission.

James M. Drake, of Springfield, for appellee James Daniels.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff, Department of Communications of the Office of the Secretary of State of the State of Illinois (Department of Communications)/(Office of the Secretary), brought this action for administrative review (see Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*; Ill. Rev. Stat. 1981, ch. 124, par. 109b) of the final decision of the Merit Commission of the Office of the Secretary (Commission) in favor of James Daniels (Commission Case No. 82—14). By written order of March 29, 1983, the circuit court of Sangamon County struck count II of the complaint and affirmed the Commission's decision in its entirety. This appeal followed.

Defendant Daniels has raised in argument matters which pose several issues preliminary to those posed by plaintiff Department of Communications. First, was the Department of Personnel of the Office of the Secretary (Department of Personnel) made party to the administrative review action? Second, is it properly a party to this appeal? If not, the appeal must be dismissed as to the Department of Personnel. Third, if the Department of Personnel was made party to the administrative review action, what is the effect of the lack of service on it, or appearance by it, as to the judgment below and the jurisdiction of this court on appeal?

A careful examination of the record is necessary to explain the caption on appeal, the arguments of the parties, and the resolution of these issues.

The Commission proceeding was captioned "JAMES DANIELS, Petitioner, vs. *DEPARTMENT OF PERSONNEL*, SECRETARY OF STATE, STATE OF ILLINOIS, *AND THE DEPARTMENT OF COMMUNICATIONS, Respondent*." (Emphasis added.) The decision of the Commission was, by its terms, certified to the Director of the Department of Personnel for enforcement on October 12, 1982.

This action was timely filed in the circuit court for administrative review on November 5, 1982, captioned *"Department of Communications,* Secretary of State, State of Illinois, *Plaintiff*, vs. Secretary of State Merit Commission, State of Illinois, and James Daniels, Defendant." (Emphasis added.) Summonses were accordingly issued to the Commission and Daniels as defendants.

On December 8, 1982, plaintiff Department of Communications filed a petition for stay of order pending administrative review. On January 28, 1983, defendant Daniels filed a motion to strike and objections to the motion for stay, a motion to dismiss the complaint for administrative review, and a memorandum. Both the motion to dismiss and the memorandum stated that the complaint did not name or make the Department of Personnel a party plaintiff or defendant; that the Department of Personnel had filed no appeal; that the complaint was improper and in violation of section 3—107 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 3—107); and that the final order appealed from required enforcement by the Department of Personnel. Defendant Daniels' memorandum supplied further argument, with citations, in this regard.

On February 24, 1983, plaintiff Department of Communications filed a motion which moved the court to "add as an additional party Defendant *** the Defendant Department [of] Personnel," and stated:

"(1) On November 8, 1982 a Complaint for Administrative Review was filed with the Circuit Court of Sangamon County. The named Plaintiff was the Secretary of State, Department of Communications.

(2) *The Secretary of State, Department of Personnel, was not included as a party Defendant, although they were a party to the proceedings before the Merit Commission.*

(3) Ill. Rev. Stat., ch. 110, sec. 3—111(a)(3) and (4) provides that, in Administrative Review, the Circuit Court has the power to allow substitution of parties and to realign parties Plaintiff and Defendant.

(4) The Circuit Court maintains the discretionary authority to permit amendment of a Complaint in Administrative Review by the addition of additional parties Defendant. [Citation.]

Plaintiffs should be given a reasonable opportunity to amend a pleading to add Defendants. [Citation.]

Wherefore, the plaintiff asks that this Court grant it leave to amend its Complaint by adding as an additional Defendant the Secretary of State Department of Personnel." (Emphasis added.)

On March 1, 1983, defendant Daniels filed objections to the motion to add additional party defendant, objecting to the addition of a party by the plaintiff after the expiration of the statutory period provided for administrative review. He stated that (1) the court had power to review administrative action only as provided by law (Ill. Const. 1970, art. VI, sec. 9); (2) the court was without statutory authority to allow such an addition of parties (Ill. Rev. Stat. 1981, ch. 110, par. 3—111); and (3) as the plaintiff did not comply with the requirements of article III of the Code of Civil Procedure (see Ill. Rev. Stat. 1981, ch. 110, pars. 3—101 through 3—112) in seeking administrative review of the Commission's decision, it should be barred from judicial review and from the addition of parties (Ill. Rev. Stat. 1981, ch. 110, par. 3—102).

At the hearing on March 1, 1983, plaintiff Department of Communications was given leave to file an appropriate petition for stay containing a verification on or before March 7, 1983, with defendant Daniels given leave to file response to such petition. On March 7, 1983, plaintiff Department of Communications filed a petition for stay. On March 15, 1983, defendant Daniels filed a "Motion to Strike, Answer and Objections to the Petition for Stay Order."

Following argument on March 22, 1983, the court's written order of March 23, 1983, included a provision stating *"[t]he Motion of the Plaintiff to add the Secretary of State Department of Personnel as an additional party Defendant is granted,* over the objection of Defendant Daniels." (Emphasis added.)

On August 8, 1983, plaintiff Department of Communications filed a memorandum in support of the complaint for administrative review and a motion for summary judgment under count II. In each, as in the notice of filing, the cause was captioned "DEPARTMENT OF COMMUNICATIONS, SECRETARY OF STATE, STATE OF ILLINOIS, Plaintiff, vs. SECRETARY OF STATE MERIT COMMISSION, *SECRETARY OF STATE DEPARTMENT OF PERSONNEL,* STATE OF ILLINOIS, and JAMES DANIELS, Defendants." (Emphasis added.)

On February 23, 1984, defendant Daniels filed a memorandum on administrative review, stating that no effort had yet been made by plaintiff to make the Department of Personnel a party to the proceed-

ing in the circuit court. That same date Daniels filed a motion to dismiss, urging that (1) the Department of Personnel was the principal party in the matter throughout the administrative hearings and a necessary party to the action; (2) despite the court's order permitting plaintiff Department of Communications to make the Department of Personnel a party defendant, the Department of Personnel had not been served with summons and was not, therefore, a party to the action; and (3) on September 6, 1983, the Department of Personnel, not party to or bound by the litigation, had notified Daniels that he had attained certified status in the title of executive IV, effective January 31, 1983 (letter as exhibit).

On March 27, 1984, arguments were heard and, in its written order of March 29, 1984, disposing of the case, the circuit court denied defendant Daniels' motion to dismiss for failure to join parties over Daniels' objection.

On March 30, 1984, plaintiff Department of Communications filed a motion to vacate order of court, moving that the court "vacate its Order of March 22, 1983 [sic] adding the Secretary of State, Department of Personnel as a party Defendant and to grant leave to Plaintiff to strike the notation 'Department of Communications' from this case and to proceed solely in its capacity as Secretary of State."

On April 3, 1984, the circuit court entered a written order permitting plaintiff Department of Communications to withdraw its motion to vacate order of court as erroneously filed.

Subsequently, counsel for plaintiff filed a notice of appeal, motion for stay of judgment pending appeal, and notices of filing. Each was captioned *"STATE OF ILLINOIS, SECRETARY OF STATE, DEPARTMENT OF PERSONNEL AND DEPARTMENT OF COMMUNICATIONS*, Plaintiff, v. JAMES DANIELS AND STATE OF ILLINOIS, SECRETARY OF STATE MERIT COMMISSION, Defendant." (Emphasis added.)

Plaintiff has captioned its briefs to this court *"STATE OF ILLINOIS, SECRETARY OF STATE, et al.*, Plaintiff-Appellant, v. SECRETARY OF STATE MERIT COMMISSION, and JAMES DANIELS, et al., Defendant-Appellees." (Emphasis added.) Defendant Merit Commission has filed a brief which caption casts the parties as did plaintiff's notice of appeal. Defendant Daniels has filed a brief which caption casts the parties plaintiff and defendant as they were when the administrative review action was brought.

■ On appeal, defendant Daniels argues that the Department of Personnel is not a party plaintiff, and has never been served with summons nor appeared as a party defendant. He maintains the

court's March 1983 order granted plaintiff *leave* to add the Department of Personnel as a party defendant and, given plaintiff's failure to obtain service of summons on the Department of Personnel, that department has not yet been made a party defendant. He further claims that the Department of Personnel is a necessary party to this administrative review action.

Plaintiff's position is curious indeed. It ignores the court's March 1983 order, as well as the documents it thereafter filed, which included the Department of Personnel as a defendant, and whatever awareness is suggested by its March 30, 1984, motion, subsequently withdrawn. Its argument by reply brief appears to be that an action brought by one division of the Secretary of State, as here the Department of Communications, suffices to make the action that of the Secretary of State, *and inclusive of other divisions of the Office of the Secretary*, including the Department of Personnel, a division by statute (Ill. Rev. Stat. 1981, ch. 124, par. 104(a)). The reply brief also points to the fact that defendant Merit Commission has not addressed this as a jurisdictional issue. In this regard we need only note that in *Cuny v. Annunzio* (1952), 411 Ill. 613, 617, 104 N.E.2d 780, 782, it was held that the failure of the Director of Labor, the only named defendant, to object that the Board of Review of the Department of Labor was not made a party defendant could not operate as a waiver of the express requirement of the statute on administrative review (Ill. Rev. Stat. 1945, ch. 110, par. 264; see Ill. Rev. Stat. 1981, ch. 110, par. 3—107), or relieve the party seeking the review of the mandatory duty imposed on him to include as parties to the appeal all parties of record to the administrative proceeding. We note that plaintiff's appellate counsel also represented the respondent departments in the administrative proceeding before the Commission, and brought this action for administrative review on behalf of plaintiff Department of Communications.

The jurisdiction of the circuit courts sitting in administrative review is as provided by the Constitution of 1970:

"Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. Circuit Courts shall have such power to review administrative action as provided by law." (Ill. Const. 1970, art. VI, sec. 9.)

Article III of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*) provides the framework for administrative review. Section 3—102 states:

"Unless review is sought of an administrative decision within

the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." (Ill. Rev. Stat. 1981, ch. 110, par. 3—102.)

Section 3—107 states:

"In any action to review any final decision of an administrative agency, the administrative agency *and all persons, other than the plaintiff, who were parties of record to the proceedings* before the administrative agency *shall be made defendants.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110, par. 3—107.)

Here, the Commission is the administrative agency referred to in section 3—107. (See Ill. Rev. Stat. 1981, ch. 110, par. 3—101; Ill. Rev. Stat. 1981, ch. 124, par. 109b.) As the Department of Personnel was a named respondent to the proceedings before the Commission, and the Commission's decision was certified to the Director of the Department of Personnel for enforcement, we find the Department of Personnel was a party of record to the administrative proceedings from which this appeal is taken. If not a party plaintiff, it was required under section 3—107 to be named as a party defendant to the action in the circuit court for administrative review. The circuit court's March 1983 order allowed plaintiff's motion to add the Department of Personnel as a party defendant. Although, as pointed out by defendant Daniels, the record contains no showing of issuance of summons as to the Department of Personnel as a party defendant, the effect is to leave the circuit court without personal jurisdiction as to that party defendant, absent personal appearance not shown here.

Section 3—103 provides that every action to review a final administrative decision shall be commenced within 35 days from the date that a copy of the decision sought to be reviewed was served on the party affected thereby. (Ill. Rev. Stat. 1981, ch. 110, par. 3—103.) Section 3—105 provides that summons issued shall be served on the administrative agency *and on each of the other defendants.* (Ill. Rev. Stat. 1981, ch. 110, par. 3—105.) The Department of Personnel does not appear to have been served with summons as required.

We note that the enumerated powers of the circuit courts in administrative review include the powers to allow substitution of parties "by reason of marriage, death, bankruptcy, assignment or other cause;" and "to dismiss parties or to realign parties plaintiffs and defendants." (Ill. Rev. Stat. 1981, ch. 110, pars. 3—111(a)(3), (4).) There is nothing in the record which indicates that the Department of Personnel was made a party plaintiff by the circuit court's exercise of these powers.

Plaintiff points out that section 4 of the Secretary of State Merit

Employment Code (Code) (Ill. Rev. Stat. 1981, ch. 124, par. 104), creates within the Office of the Secretary the Department of Personnel as a *division* thereof, but does not designate the Merit Commission as a division. Plaintiff argues that the Office of the Secretary includes the departments within it, including the Department of Communications and Department of Personnel, which are, by staff organization or statute, specifically its *divisions*. Plaintiff therefore urges that "the Secretary of State properly filed a lawsuit in administrative review against the Merit Commission." We reject this argument.

Section 4 of the Code provides:

> "4. Organization. There is created in the Office of the Secretary of State:
>
> (a) a Department of Personnel, headed by a Director, which shall be a division of the Office of the Secretary of State with primary responsibility for personnel transactions;
>
> (b) a Merit Advisory Board; and
>
> (c) a Merit Commission." (Ill. Rev. Stat. 1981, ch. 124, par. 104.)

The purpose of the Code, which became effective on May 24, 1977, is to establish for the Office of the Secretary a system of personnel administration based upon merit principles and scientific methods. (Ill. Rev. Stat. 1981, ch. 124, par. 102.) The provisions of the Code describe the powers and duties of the Department of Personnel, its Director, and the Commission, as well as defining the function of the Merit Advisory Board.

Presumably, the other departments and divisions of the Office of the Secretary, including the Department of Communications, are set up under the Secretary's statutory authority to organize the work of the administration of sections 2—101 to 9—110 of the Illinois Vehicle Code (see Ill. Rev. Stat. 1981, ch. 95½, pars. 2—101 through 9—110; see pars. 2—101 and 2—102); or as otherwise provided by law, for example, under the State Records Act (Ill. Rev. Stat. 1981, ch. 116, par. 43.4 *et seq.*), the Secretary of State is to provide for a State archives division as a repository of State records (see Ill. Rev. Stat. 1981, ch. 116, par. 43.8; Ill. Const. 1970, art. V, sec. 16).

The Director of Personnel is statutorily mandated to apply and carry out the Code and the rules adopted thereunder (Ill. Rev. Stat. 1981, ch. 124, par. 106a(1)); to prepare and submit to the Merit Commission proposed rules for all positions and employees subject to the Code, including provisions as specified under Code sections 10a through 10e (see Ill. Rev. Stat. 1981, ch. 124, pars. 110a through 110e); and to perform any other lawful acts necessary or desirable to carry

out the purposes and provisions of the Code (Ill. Rev. Stat. 1981, ch. 124, par. 106a(10)). In addition to any other duties prescribed in the statute, the mandated duties and powers of the Commission include ruling upon written recommendations by the Director of Personnel to exempt certain positions from the Code, rule-making powers, and authority to direct compliance in writing if any violation of the Code is found. (See Ill. Rev. Stat. 1981, ch. 124, pars. 108c(1), (9), (11).) Rules formulated pursuant to the Code for all positions and employees subject to it have the force and effect of law. Ill. Rev. Stat. 1981, ch. 124, par. 110.

Article X of the Commission's rules provides: ·

> "Section 10.01 A certified employee who believes that a personnel transaction has been falsely labeled in an attempt to deprive the Commission of jurisdiction under Section 9 of the Code and the procedures set forth in Articles VII, VIII, or IX herein, *or who believes that a personnel transaction adversely affecting him violates either the Code or the Personnel Rules*, may within a period of 15 days after receiving actual notice of such violation appeal in writing to the Commission." (Emphasis added.) (Rules of the Merit Commission, art. X, sec. 10.01 (1977).)

As the Code and personnel rules bear upon many of the terms and conditions of employment within the Office of the Secretary, it is apparent to us that when an employee files an appeal with the Commission, the interests of the department or division of the Office of the Secretary against whom the charge is made cannot be equated with the interests of either the Commission or the Department of Personnel, both of which are directed to serve the purpose of the Code.

■ In view of the range of duties directed to the Department of Personnel, it may be a respondent named in an appeal to the Commission by an employee of the Office of the Secretary, as here. On issuance, however, the final decision of the Commission, which is subject to administrative review, is certified for enforcement to the Director of the Department of Personnel. Thus the Department of Personnel may have characteristics which seem appropriate both to a party plaintiff and defendant in administrative review, a dilemma which may be resolved through the court's power to realign the parties. In this regard the Department of Personnel is perhaps unusual. Its relationship to other departments and divisions within the Office of the Secretary is distinct and comparable to that of the Department of Personnel of the State of Illinois established under the Personnel Code (see Ill. Rev. Stat. 1983, ch. 127, par. 63b101 *et seq.*), effective since July 18, 1955, as to the various offices of State government within its jurisdiction.

In conclusion, as to the first issue, we find that the Department of Personnel was not a party plaintiff to the action for administrative review; but was made a party defendant by the court's March 1983 order.

■ Plaintiff did not, however, name the Department of Personnel as an appellee in the notice of appeal. Hence the caption on appeal. In view of these facts, with regard to the second issue, we conclude that the Department of Personnel has not been made party. Therefore the appeal is dismissed as to the Department of Personnel.

■ As to the third issue, we have found that the Department of Personnel was a party of record to proceedings before the administrative agency and, as such, it was a necessary party to the administrative review action. As has been said, the omission of such a party is a fatal defect. (See *Cuny v. Annunzio* (1952), 411 Ill. 613, 104 N.E.2d 780; *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595-96, 95 N.E.2d 864, 869.) As our supreme court stated in *Winston*, administrative review being an innovation and departure from the common law, the procedures it establishes must be pursued in order to justify its application.

■ In this case, although the circuit court allowed the addition of the Department of Personnel as an additional party defendant in March 1983, the record shows neither issuance of summons and process as to that department, nor appearance by it. The court's 1984 order from which this appeal is taken neither purports to default the Department of Personnel nor otherwise specifies disposition of the case as to it. Thus the order was not final as to all parties. The record contains no express written finding under Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). Absent such a finding, a judgment adjudicating the claims or rights and liabilities of fewer than all the parties to the litigation is not enforceable or appealable. We conclude that the circuit court's March 1984 order was not a final, appealable order.

For the foregoing reasons, the appeal is dismissed and the cause remanded.

Appeal dismissed; cause remanded.

GREEN, P.J., and MILLS, J., concur.