RAYMOND BRADSHAW, Plaintiff-Appellant, v. BRUCE W. BARNES, Chairman of the Board of Review of the Department of Employment Security, Defendant-Appellee.

Fourth District   No. 4—85—0811

Opinion filed July 22, 1986.

Burger, Fombelle, Baxter, Zachry & Rathbun, P.C., of Decatur (Jon C. Baxter, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Jerome J. Webb and William L. Ward, Special Assistant Attorneys General, of Chicago, of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

The Administrative Review Law provides in section 3—103 that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.) Section 3—107 of the Administrative Re-

view Law provides that "[i]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." (Ill. Rev. Stat. 1985, ch. 110, par. 3—107.) This case turns on the questions of (1) whether a plaintiff to such an action can cure a failure to join such parties in his original complaint by amendment made after the expiration of the 35-day period described in section 3—103; and (2) if so, under what circumstances the court, sitting in administrative review, is required to allow such an amendment.

■ We hold that an amendment made after the expiration of the 35-day period does cure the original failure to join the required parties and that here, the circuit court erred in denying leave to make such an amendment.

Plaintiff, Raymond Bradshaw, was discharged by his employer, Toxigenics, Inc., and filed a claim for unemployment insurance benefits with the Department of Employment Security (Department). On October 19, 1984, a claims adjudicator determined that plaintiff was eligible for unemployment benefits. Toxigenics, Inc., appealed this determination of eligibility, a hearing was held before a referee, and on November 30, 1984, the determination of eligibility was affirmed. On December 17, 1984, Toxigenics, Inc., appealed the determination to the Board of Review of the Department of Employment Security (Board), and on May 22, 1985, the Board reversed the referee's finding of eligibility.

On June 24, 1985, plaintiff filed a complaint for administrative review in the circuit court of Macon County naming only Bruce W. Barnes, chairman of the Board, as a defendant. On September 24, 1985, Barnes filed a motion to dismiss the complaint because neither Sally A. Ward, Director of the Department, nor Toxigenics, Inc., were named as additional defendants. On October 24, 1985, at the time set for a hearing on the motion to dismiss, plaintiff moved to amend his complaint to add Ward and Toxigenics, Inc., as defendants. The circuit court denied plaintiff's motion to amend on the grounds that it was dilatory and dismissed the complaint on November 6, 1985. Plaintiff has appealed. We reverse and remand to the circuit court with directions to allow the motion to amend adding the parties.

Article VI, section 9 of the Illinois Constitution of 1970 states that circuit courts should have such powers of review of administrative decisions as the legislature shall determine. (Ill. Const. 1970, art. VI, sec. 9.) The legislature has provided that decisions of the Board are reviewable under the Administrative Review Law and, in addition

to the requirements of section 3—107 of the Law, has specifically required that the Director of the Department be a party to such a review (Ill. Rev. Stat. 1983, ch. 48, par. 520). The parties here do not dispute that the joinder of all necessary parties is necessary for the circuit court to conduct an administrative review. (*Cuny v. Annunzio* (1952), 411 Ill. 613, 104 N.E.2d 780; *Department of Communications v. Secretary of State Merit Com.* (1985), 131 Ill. App. 3d 877, 476 N.E.2d 482.) The supreme court has never passed on the question of whether the failure to join necessary parties can be cured, as attempted here, by an amendment joining those parties made after the expiration of the 35-day period of section 3—103.

In *Massoud v. Board of Education* (1981), 97 Ill. App. 3d 65, 422 N.E.2d 236, *Norris v. City of Aurora* (1978), 64 Ill. App. 3d 748, 381 N.E.2d 996, *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1976), 45 Ill. App. 3d 116, 359 N.E.2d 174, *rev'd on other grounds* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307, and *Dendor v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 582, 297 N.E.2d 316, districts of the appellate court have upheld the jurisdiction of circuit courts to proceed upon joinder of necessary parties made after the expiration of the 35-day period.

In *Dendor*, the court held that the 35-day requirement was met by the filing of the complaint and that section 46(1) of the then Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 46(1)), which is now section 2—616(a), of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(a)), permitted amendment to add necessary parties after the expiration of the 35 days. That legislation authorizes circuit courts to allow amendments to add parties at any time before final judgment if done on reasonable terms. Then (Ill. Rev. Stat. 1969, ch. 110, par. 277), as now (Ill. Rev. Stat. 1983, ch. 110, par. 1—108), the law concerning administrative review provided that the provisions applicable to civil practice were also applicable to administrative review unless otherwise provided by legislation. The *Dendor* court also held that the provisions of Supreme Court Rule 103 (50 Ill. 2d R. 103(a)) providing for the issuance of alias summons authorized the issuance of summons as to the new defendants after the expiration of the 35-day period. The present Supreme Court Rule 103 (87 Ill. 2d R. 103) has substantially similar provisions.

In *Springfield-Sangamon County Regional Plan Com.*, this court followed *Dendor* in upholding the circuit court's allowance of a motion to amend adding necessary parties to a proceeding for administrative review after the expiration of the 35-day period. This court distinguished that case from those requiring dismissal for failure to

join necessary parties where no motion to amend to add the parties had been made.

The *Norris* court also followed *Dendor*. There, contention was made that in order to allow amendment after the 35-day period, compliance with section 46(4) of the then Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(4)), which is now section 2—616(d) of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)), was required to be shown. That section makes special requirements for bringing in new parties after the statutorily or contractually prescribed time for bringing the action had expired. The *Norris* court rejected the contention, holding section 46(1) to be the appropriate section and stating that the 35-day requirement was applicable only to the filing of the complaint and the issuance of a summons pursuant thereto.

In *Massoud*, the Third District held that the requirement to join necessary parties was not jurisdictional and was waived if not raised in the trial court. The appellate court cited *Norris* with approval. It also called attention to section 26 of the then Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26), which is now section 2—407 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—407), which provides that no action shall be dismissed for failure to join necessary parties unless reasonable opportunity to add parties is given. The *Massoud* court concluded that then section 26 was applicable to administrative review as no statutory provision required otherwise.

■ Defendant here does not contend that section 2—616(d) is determinative as to the conditions upon which amendment to add parties to the administrative proceeding can be allowed. Accordingly, we follow the precedent of our decision in *Springfield-Sangamon County Regional Plan Com.* and those of the First, Second, and Third Districts in *Dendor*, *Norris*, and *Massoud*, respectively, and hold that the circuit court has power to allow amendment to add necessary parties after the expiration of 35 days from the administrative order.

Defendant cites *Owens-Illinois, Inc. v. Bowling* (1981), 99 Ill. App. 3d 1148, 429 N.E.2d 172, *modified on other grounds* (1983), 95 Ill. 2d 397, 447 N.E.2d 1324, as supporting its contention that failure to join necessary parties to an action in administrative review cannot be cured by an amendment to add the parties made after the 35-day period. There, an employer sought administrative review of a decision of the Department of Labor allowing unemployment benefits to various of the employer's employees who had not been working while honoring the picket lines of a union of which they were not members. The various claimants were not named as defendants. Later, after the

expiration of the 35-day period and over objection, the employer was granted leave to file an amended complaint naming those employees. On appeal, the First District held that granting leave to add the additional parties was error. The court reasoned that section 46(1) of the then Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(1)) would have permitted adding of the additional parties only if they were necessary parties. The appellate court held that the various claimants were not necessary parties because they could not be ordered to repay the benefits they had received. Accordingly, the court deemed the order allowing amendment to be erroneous. Here, the added parties were necessary parties. The cases are not the same. To the extent that *Owens-Illinois, Inc.*, gives any implication, by way of *dictum*, as to the issue here, the implication is that under then section 46(1) (now section 2—616(a)), amendment should be allowed, even after the 35 days, in order to add necessary parties.

■ Defendant also points out that when sitting in administrative review, the circuit court has only the powers granted to it (*Adamek v. Civil Service Com.* (1958), 17 Ill. App. 2d 11, 149 N.E.2d 466) and that section 3—111 of the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—111) lists various powers given to the circuit court when hearing cases under the Administrative Review Law and mentions nothing about allowing amendments adding additional parties. No case has held that the circuit court is without authority to allow such an amendment. We agree with the cited cases that the present section 2—616(a) is authority to do so at least where, as here, the additional parties are necessary parties. Section 1—108 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 1—108) provides that "Civil Practice Law," which includes section 2—616(a), applies to proceedings under the Code of Civil Procedure unless otherwise stated in the Code or other statutes regulating the particular procedure involved. We do not interpret section 3—111 of the Administrative Review Law to negate by implication the application of section 2—616(a) of the Civil Practice Law to these proceedings.

Defendant correctly points out that a purpose of the 35-day requirement is to prevent undue delay. (*City National Bank & Trust Co. v. Illinois Property Tax Appeal Board* (1982), 108 Ill. App. 3d 979, 439 N.E.2d 1301, *aff'd* (1983), 97 Ill. 2d 378, 454 N.E.2d 652.) The legislature has stated that proceedings of the nature here shall be given a high priority for swift determination. (Ill. Rev. Stat. 1983, ch. 48, par. 520.) The emphasis on diligence is illustrated by the decision of the First District in *American National Bank & Trust Co. v. City of Chicago* (1985), 132 Ill. App. 3d 570, 478 N.E.2d 1. There, on

March 22, 1984, the plaintiff filed an amendment to an existing complaint for declaratory judgment seeking administrative review of a decision by the Chicago zoning board of appeals. On April 10, the city moved to dismiss the administrative review for lack of joinder of necessary parties. On April 11, the plaintiff obtained service of summons on certain parties, at least one of whom had not been joined until April 16, when the circuit court denied the city's motion to dismiss and allowed an amendment naming the necessary additional parties. Summons was issued to the rest of the additional parties on April 17 which was five days after the expiration of the 35-day period commencing with the effective date of the administrative decision. The circuit court ruled in favor of the plaintiff on the administrative review. On appeal, the First District reversed, holding that the failure of the plaintiff to obtain service on certain additional parties until five days after the expiration of the 35-day period constituted a failure to exercise diligence.

In the case on review, the circuit court apparently relied upon *American National Bank & Trust Co.* in ruling that plaintiff should not be allowed to add additional parties because of lack of diligence. That opinion focused on the requirement of section 3—103 of the Administrative Review Law requiring that, in addition to the filing of the complaint within the 35-day period, summons must also issue within that period of time. The opinion referred to cases where the complaint had been filed within the required period but that summons had not issued until after that time. (*City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 454 N.E.2d 652; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 451 N.E.2d 842; see also *Moretti v. Department of Labor* (1983), 119 Ill. App. 3d 740, 457 N.E.2d 114.) The appellate court then held that the failure of timely issuance of summons did not prevent the circuit court from properly proceeding with the case if the failure for the timely issuance of summons did not result from lack of diligence by the plaintiff.

■ The thesis of *Massoud, Norris, Springfield-Sangamon County Regional Plan Com.*, and *Dendor*, which we consider to be controlling, is that the provision of section 3—103 of the Administrative Review Law does not control the time within which additional parties may be added to an administrative review proceeding. Rather, section 2—616(a) of the Civil Practice Law controls. Thus, while we agree that the circuit court may consider diligence in ruling on a motion to add an additional party, the diligence required is not as great as that necessary to cure the failure to comply with the stated requirement of

section 3—103 that the original summons issue within the 35-day period. To the extent that *American National Bank & Trust Co.* equates the two requirements for diligence, we are in disagreement.

■ Here, the administrative decision was entered on May 22, 1985. The complaint was filed in the circuit court on June 24, 1985. The motion to dismiss was not filed by defendant until September 24, 1985. Plaintiff then waited until the hearing date of October 24, 1985, before moving to amend. Greater diligence would have been shown by moving to amend shortly after the defendant called the nonjoinder to plaintiff's attention. However, any lack of diligence in that respect is far overshadowed by defendant's waiting for three months after the filing of the complaint to raise the issue of lack of joinder. We understand the trial court acting in reliance on *American National Bank & Trust Co.* but we do not deem that case to be controlling. We hold that plaintiff should have been permitted to amend to add the necessary parties and that the trial court breached its discretion in refusing to allow the amendment.

Accordingly, we reverse and remand to the circuit court of Macon County with directions to allow amendment naming the additional parties and for further proceedings.

Reversed and remanded with directions.

WEBBER and SPITZ, JJ., concur.