THIRD DIVISION
 SEPTEMBER 4, 1996


 








No. 1--95--1325


NEW YORK CARPET WORLD, INC., ) Appeal from the Circuit
 ) Court of Cook County
 Plaintiff-Appellant, )
 ) 
 v. ) No. 91 L 50857
 )
THE DEPARTMENT OF EMPLOYMENT ) 
SECURITY, DIRECTOR LOLETA )
DIDRICKSON, and MICHAEL HALSTEAD, ) Honorable Earl 
 ) Arkiss, Judge 
 Defendants-Appellees. ) Presiding.
 

 JUSTICE CERDA delivered the opinion of the court:
 Plaintiff, New York Carpet World, Inc., appeals from the
circuit court of Cook County's dismissal of plaintiff's complaint
seeking review of a decision of the Board of Review of the
Department of Employment Security. Plaintiff argues that (1) the
complaint sufficiently named the Board of Review as defendant;
(2) the complaint should not have been dismissed because
defendant Department was a misnomer for the Board of Review; and
(3) the complaint could have been amended to add the Board of
Review as defendant. We affirm. 
 I. Facts
 On June 25, 1991, the Board of Review issued a decision in
the matter of Michael Halstead, claimant, and New York Carpet
World, Inc., employer (appeal docket No. ABR--90--10467). The
Board of Review found that defendant Michael Halstead was
eligible for unemployment benefits.
 On July 30, 1991, plaintiff filed an administrative-review
complaint against defendants: the Department, Department Director
Loleta A. Didrickson, and Michael Halstead. The first paragraph
of complaint alleged that the Department had rendered its final
administrative decision through its Board of Review. 
 On July 30, 1991, summonses for the complaint was issued. 
According to the proof of service, defendants were served on July
31, 1991, by registered mail, although the record indicates
elsewhere that the summonses were mailed by certified mail.
 The Illinois Attorney General filed a special and limited
appearance for the Department and moved to quash the summons and
to dismiss the Department. The Department argued that it did not
issue the decision under review and that the Board of Review,
which did issue the decision, was not named as defendant or
served. An exhibit to the motion was a copy of the summons
served on the Department, and it had the time stamp of the Board
of Review for August 2, 1991. 
 The Department later filed a motion to dismiss for lack of
subject matter jurisdiction. 
 Ninety days after the administrative decision was issued, on
September 23, 1991, plaintiff filed a motion for leave to file an
amended complaint to specifically identify the Board of Review as
a defendant. 
 On January 13, 1995, the Department filed a motion to
dismiss for want of prosecution or, in the alternative, for lack
of subject matter jurisdiction. 
 On March 15, 1995, the trial court granted the motion to
dismiss for lack of subject matter jurisdiction, denied
plaintiff's motion for leave to file an amended complaint, and
dismissed the complaint with prejudice.
 Plaintiff appealed. 
 II. Naming the Board of Review as Defendant
 Plaintiff argues on appeal that it sufficiently named the
Board of Review as defendant in compliance with section 3--107 of
the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110,
par. 3--107).
 The following summarizes the Administrative Review Law in
effect in 1991, which was when the administrative-review
complaint was filed and when the summonses were served. Actions
to review final administrative decisions were to be "commenced by
the filing of a complaint and the issuance of summons within 35
days from the date that a copy of the decision sought to be
reviewed was served upon the party affected thereby." Ill. Rev.
Stat. 1991, ch. 110, par. 3--103. Summonses were to be served by
registered or certified mail "on the administrative agency" and
on each of the other defendants. Ill. Rev. Stat. 1989, ch. 110,
par. 3--105. The administrative agency and all persons who were
parties of record (other than plaintiff) were to be made
defendants. Ill. Rev. Stat. 1989, ch. 110, par. 3--107. 
"Administrative agency" was defined to include a person, body of
persons, or board, among others, having power to make
administrative decisions. Ill. Rev. Stat. 1991, ch. 110, par. 3-
-101.
 The first issue is whether the appropriate administrative
agency was named as defendant and served in accordance with the
Administrative Review Law. 
 The Board of Review of the Department of Employment Security
was created by section 5 of the Civil Administrative Code of
Illinois. 20 ILCS 5/5, 5/5.13i (West 1994); see also 820 ILCS
405/243 (West 1994). The Board of Review is empowered by the
Unemployment Insurance Act to review appeals of decisions of
referees. 820 ILCS 405/803 (West 1994)). 
 Plaintiff does not appear to dispute that the Board of
Review was the administrative agency that had to be named as
defendant and served. The Board of Review was the party that
made the final administrative decision from which plaintiff is
appealing. Whether or not the Board of Review is a division of
the Department or a separate body, it is clear that it should
have been made a defendant. Cuny v. Annunzio, 411 Ill. 613, 616-
17, 104 N.E.2d 780 (1952).
 In Cuny, an appeal was taken from the trial court's
confirming a decision of the Board of Review of the Department of
Labor. The Department Director moved to dismiss the appeal on
the ground that appellants failed to join as defendants the Board
of Review and the party who filed the claim for unemployment
compensation. The court held that, while the Board of Review may
be a division or arm of the Department of Labor that operated
under a director, the Board of Review made the administrative
decision and was an administrative agency as defined in the
administrative-review statute. Cuny, 411 Ill. at 616-17.
 Plaintiff argues that the Board of Review was named in the
body of the complaint, although not in the caption, and that
therefore plaintiff complied with the requirement of section 2--
401(c) of the Code of Civil Procedure (735 ILCS 5/2--401(c) (West
1994)) (the Code) that defendants be set forth in the body of the
pleading. Plaintiff also argues that the Board of Review is part
of the Department and is not a separate body and that the Board
of Review was served because it ultimately received the complaint
and summons that were directed to the Department. 
 The Administrative Review Law has been strictly interpreted
to require that a defendant be named in the caption, and it is
not sufficient to name a party in the body of the complaint. 
Associated General Contractors v. Chun, 245 Ill. App. 3d 750,
754-55, 615 N.E.2d 386 (1993). Even though the Board of Review
was named in the body of the complaint, the fact remains that the
Board of Review was not served. The Board of Review was not
named in the summons, and it was not served, although it may have
actually received a copy of the complaint and summons in the
Department's internal mail system. 
 III. Misnomer
 Plaintiff next argues that defendant Department was a
misnomer for the Board of Review and that the Board of Review
received actual notice of the lawsuit although the process and
complaint did not refer to Board of Review by its correct name.
 Section 2--401(b) of the Code of Civil Procedure provides
that "[m]isnomer of a party" is not a ground for dismissal and
that "the name of any party may be corrected at any time." 735
ILCS 5/2--401(b) (West 1994). There is a distinction between a
misnomer (serving a misnamed party) and serving the wrong person. 
See Barbour v. Fred Berglund & Sons, Inc., 208 Ill. App. 3d 644,
648, 567 N.E.2d 509 (1990). We hold that plaintiff did not
misname the Board of Review; rather, it served the Department
instead of the Board of Review. 
 IV. Adding Board of Review as Defendant After 35-Day Period
 The next issue is whether section 2--616(d) of the Code
(Ill. Rev. Stat. 1991, ch. 110, par. 2--616(d)) allows amendment
of a complaint to add a defendant in an administrative-review
action after the 35-day period for service of summons if, among
other things, the failure to join the person was inadvertent and
service was in fact had upon the person. There is no dispute
that the complaint itself was filed within 35 days, but if the
amendment was allowed, it would have resulted in adding the Board
of Review as a defendant after the 35-day period.
 Section 2--616(a) of the Code permits amendments on just and
reasonable terms at any time before final judgment. 735 ILCS
5/2--616(a) (West 1994). Section 2--616(d) provides that an
action against a person "not originally named a defendant" is not
barred by lapse of time if certain conditions are met, including
that failure to join the person as a defendant was "inadvertent." 
735 ILCS 5/2--616(d)(2), (3) (West 1994).
 Many appellate cases and a supreme court decision have
barred the addition of an administrative agency after the 35-day
period. 
 In Lockett v. Chicago Police Board, 133 Ill. 2d 349, 549
N.E.2d 1266 (1990), a police officer filed a petition for
administrative review after he was discharged. The officer named
the board and its individual members as defendants and served
them but did not name the police superintendent as a defendant or
serve him. The trial court dismissed the complaint without leave
to amend. The supreme court found the following. The
superintendent had to be named as a defendant, and the action for
administrative review was barred because the superintendent was
not named and a summons was not issued to him within the 35-day
period. Lockett, 133 Ill. 2d at 354. The requirement that a
complaint be filed within 35 days was jurisdictional, while the
35-day period for issuance of summons was mandatory and not
jurisdictional. Lockett, 133 Ill. 2d at 354-55. One had to show
a good-faith effort to issue summons with the 35-day period. 
Lockett, 133 Ill. 2d at 355. Where the good-faith effort
exception had been applied to relax the 35-day requirement, there
was some circumstance beyond plaintiff's control that resulted in
the summons not being issued within the statutory period. 
Lockett, 133 Ill. 2d at 355. The police officer did not offer
any evidence of a good-faith effort to comply with the
requirements of the Administrative Review Law. Lockett, 133 Ill.
2d at 355. 
 Lockett, 133 Ill. 2d at 356, overruled cases that permitted
the failure to name and issue summons against necessary parties
within the 35-day period to be cured by subsequent amendment:
Bradshaw v. Barnes, 145 Ill. App. 3d 866, 496 N.E.2d 276 (1986),
and Dendor v. Board of Fire & Police Commissioners, 11 Ill. App.
3d 582, 297 N.E.2d 316 (1973). Lockett did not explicitly
address the availability of section 2--616 to amend a complaint
to add a defendant inadvertently omitted, but section 2--616(a)
was the basis in the overruled Bradshaw decision for permitting
the addition of a necessary party. 
 In Bradshaw, 145 Ill. App. 3d 866, plaintiff appealed from
the determination of the Board of Review of the Department of
Employment Security that he was not eligible for unemployment
benefits. Plaintiff's complaint named only the chairman of the
Board as defendant and not the Director and the employer. The
trial court dismissed the complaint and denied plaintiff's motion
to amend the complaint. The appellate court found that section
2--616(a) permitted amendments to add necessary parties after the
35-day period. Bradshaw, 145 Ill. App. 3d at 868. The court
noted that section 1--108 of the Code of Civil Procedure (Ill.
Rev. Stat. 1983, ch. 110, par. 1--108) provided that the Civil
Practice Law, which included section 2--616(a), applied to
proceedings unless otherwise stated. Bradshaw, 145 Ill. App. 3d
at 871. The court held that the Administrative Review Law did
not negate the application of section 2--616(a). Bradshaw, 145
Ill. App. 3d at 871. Section 2--616(d) was not at issue in the
case. Bradshaw, 145 Ill. App. 3d at 870.
 In Dendor, the other case overruled by Lockett, a fireman
appealed from the decision of the Board of Fire and Police
Commissioners of the Village of Northbrook discharging him. 
Plaintiff did not name the fire marshal of the village in the
complaint, and the clerk did not serve the board with summons by
sending it a copy to its main address. The trial court allowed
plaintiff to file an amended complaint joining additional parties
with alias summons to issue. The appellate court interpreted the
Administrative Review Law as not requiring the joinder of
necessary parties within the 35-day limitation for filing of the
complaint. Dendor, 11 Ill. App. 3d at 587. The court referred
to the statement in the Administrative Review Law that the form
of summons and issuance of alias writs shall be according to
rules of the Illinois Supreme Court. Dendor, 11 Ill. App. 3d at
587. The court did not address the issue of the applicability of
section 2--616 to the Administrative Review Law.
 Numerous cases decided after Lockett have not permitted
amendments after the 35-day period to add administrative-agency
defendants. E.g., Stanley v. Department of Employment Security,
235 Ill. App. 3d 992, 602 N.E.2d 73 (1992); Shaw v. Department of
Employment Security, 243 Ill. App. 3d 844, 612 N.E.2d 919 (1993);
Associated General Contractors v. Chun, 245 Ill. App. 3d 750,
754, 615 N.E.2d 386 (1993); Central States Trucking Co. v.
Department of Employment Security, 248 Ill. App. 3d 86, 618
N.E.2d 430 (1993).
 Plaintiff argues that Lockett is distinguishable because it
did not decide whether section 2--616(d) was available in
administrative-review actions and because it pertained only to
the addition of parties not previously named or served. Lockett
is not distinguishable on the latter ground because plaintiff in
the present case did not name the Board of Review and because the
naming of the Department was not a misnomer. Lockett did not
specifically address section 2--616(d), but its overruling of
Bradshaw by implication indicates the unavailability of section
2--616. Even if Lockett did not decide by implication the
availability of section 2--616(d), we find that the specific
requirement that an administrative-review summons issue against
required defendants within 35 days controls over the more general
Code section 2--616(d) permitting the addition of defendants. 
See People v. Villarreal, 152 Ill. 2d 368, 379, 604 N.E.2d 923
(1992) (specific statutory provision controls over general
statutory provision relating to same subject).
 V. Conclusion
 Unless review is sought in the manner provided in the
Administrative Review Law, the parties "shall be barred from
obtaining judicial review." Ill. Rev. Stat. 1991, ch. 110, par.
3--102. As plaintiff did not comply with the service requirement
and did not timely amend its complaint to add the Board of Review
as a defendant, plaintiff could not proceed with its complaint. 
The trial court did not err in dismissing the complaint without
leave to amend.
 The judgment of the trial court is affirmed.
 Affirmed.
 TULLY, P.J., and RIZZI, J.,* concur.

 *Justice Rizzi participated in this case prior to his 
retirement.