(Nos. 55718, 56399 cons.—

OWENS-ILLINOIS, INC., Appellee and Appellant, v. WILLIAM M. BOWLING, Director of Labor, *et al.*, Appellants and Appellees.

*Opinion filed March 25, 1983.*

Tyrone C. Fahner, Attorney General, of Springfield (Joseph D. Keenan III, Special Assistant Attorney General, of Doss, Puchalski, Keenan, Bargiel, & Dicks, Ltd., of Chicago, of counsel), for the Director of Labor *et al.*

John A. Relias and Michael W. Duffee, of Vedder, Price, Kaufman & Kammholz, of Chicago, for Owens-Illinois, Inc.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Owens-Illinois, Inc., filed an action in the

circuit court of Cook County for administrative review of the decision of the defendant Director of Labor. The circuit court affirmed the Director's decision and plaintiff appealed. The appellate court affirmed in part, reversed in part and remanded with directions (99 Ill. App. 3d 1117), and both plaintiff and defendant petitioned for leave to appeal. We allowed both petitions and consolidated the cases for briefing, argument and opinion.

The opinion of the appellate court contains an adequate review of the relevant facts and the prior proceedings, and they will be stated here only to the extent necessary to discuss the issues. Employees at three of plaintiff's plants, represented by the American Flint Glass Blowers Union (AFGWU), were on strike between September 16, 1977, and October 15, 1977. They maintained picket lines at each of the plants. The AFGWU strike involved directly only a relatively small number of plaintiff's employees, but many employees represented by other unions declined to cross the AFGWU's picket lines. It appears from the record that plaintiff requested that they comply with the "no strike" clauses contained in their collective-bargaining agreements and return to work, and that work was available.

The question presented in this litigation is whether certain of plaintiff's employees were entitled to payments of unemployment compensation for the period from September 16, 1977, through October 15, 1977. In three separate hearings certain groups of employees were held to be "not ineligible for unemployment insurance benefits for the period from September 16, 1977, through October 15, 1977, under the provisions of section 604 of the Illinois Unemployment Insurance Act." It cannot be determined from the record how many individuals filed claims, but it is indicated that they numbered approximately 2,800. The Director's orders describe the three groups of claimants as "employee-members of Lo-

cals 3 and 140 of the Glass Bottle Blowers Association"; "employee-members of Local 109 of American Flint Glass Workers, and of Local 7432 of United Steel Workers Union"; and "employee-members of Locals 24, 40, 135 and 95 of the Glass Bottle Blowers Association."

Section 604 of the Unemployment Insurance Act (Ill. Rev. Stat. 1977, ch. 48, par. 434) in pertinent part provided:

> "Labor dispute. An individual shall be ineligible for benefits for any week with respect to which it is found that his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed. *** This Section shall not apply if it is shown that (A) the individual is not participating in or financing or directly interested in the labor dispute which caused the stoppage of work and (B) he does not belong to a grade or class of workers of which immediately before the commencement of the stoppage there were members employed at the premises at which the stoppage occurs, any of whom are participating in or financing or directly interested in the dispute; provided, that a lockout by the employer or an individual's failure to cross a picket line at such factory, establishment, or other premises shall not, in itself, be deemed to be participation by him in the labor dispute. ***
>
> Whenever any claim involves the provisions of this Section, the claims adjudicator referred to in Section 702 shall make a separate determination as to the eligibility or ineligibility of the claimant with respect to the provisions of this Section. This separate determination may be appealed to the Director in the manner prescribed by Section 800."

Plaintiff contends that the circuit and appellate courts erred in affirming the Director's determination that the claimants were not involved in a labor dispute. Plaintiff states that it does not contend that because they refused to cross their picket lines the claimants participated, or were directly involved, in the AFGWU employees' strike.

Citing *Jacksonville Bulk Terminals, Inc. v. International Longshoremen's Association* (1982), 457 U.S. 702, 73 L. Ed. 2d 327, 102 S. Ct. 2673, plaintiff contends that by refusing to work during the AFGWU strike, in violation of the "no strike" clauses in their collective-bargaining agreements, these claimants were involved in their own labor dispute. Plaintiff states and we agree that the "relieving proviso" of section 604 (see *General Motors Corp. v. Bowling* (1981), 85 Ill. 2d 539, 542) was added by the General Assembly to overturn *Sangamo Electric Co. v. Donnelly* (1962), 26 Ill. 2d 348, *Local Union No. 11 v. Gordon* (1947), 396 Ill. 293, and *American Brake Shoe Co. v. Annunzio* (1950), 405 Ill. 44, which held that the failure of a claimant to cross the picket line of another striking group of employees amounted to "participation" by that claimant in the labor dispute of those striking employees. Plaintiff argues that while failure to cross a picket line does not "in itself" constitute participation in the labor dispute of those who maintain the picket line, the refusal to abide by their no-strike clauses resulted in a labor dispute and a work stoppage in which all the employees participated.

We do not agree. Nor need we here decide whether the alleged failure to abide by the no-strike clause constituted a labor dispute. Assuming *arguendo* that it did, on this record it is clear that it was not the labor dispute between claimants and plaintiff that caused the work stoppage. On the contrary, the record shows clearly that the stoppage of work caused the dispute over the contract. (See *Jacksonville Bulk Terminals, Inc. v. International Longshoremen's Association* (1982), 457 U.S. 702, 722, 73 L. Ed. 2d 327, 343, 102 S. Ct. 2673, 2685-86.) We agree with the appellate court that "claimants were properly determined to be 'not ineligible' for benefits under section 604." 99 Ill. App. 3d 1117, 1128.

Several issues presented in this appeal arise from the procedures followed in the administrative hearings. It is

the position of the defendant Director that the question of ineligibility for benefits under section 604 is to be determined in a hearing separate from that required to determine eligibility for benefits under section 500(C). The relevant portions of section 500(C) (Ill. Rev. Stat. 1977, ch. 48, par. 420) provided:

> "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Director finds that:
>
> * * *
>
> C. He is able to work, and is available for work; provided that during the period in question he was actively seeking work."

Simply stated, his contention is that a hearing must be held to determine that under section 604 a claimant is not ineligible for benefits and that the hearing on the section 500(C) issue is to determine whether he is eligible. He points out that appeals from a claims adjudicator concerning findings under section 500(C) are taken to a referee and to a board of review whereas section 800 provides that "Whenever a 'determination' of a claims adjudicator involves a decision as to eligibility under Section 604, appeals shall be taken to the Director or his representative designated for such purpose." Ill. Rev. Stat. 1977, ch. 48, par. 470.

Plaintiff contends that no findings of eligibility were made under section 500(C) and that the circuit court erred in affirming the Director's decision. The Director argues that such findings were in fact made, but that no notice was given plaintiff because of its failure to give the notices required under the Department's Regulation 14.

The circuit court found that plaintiff had failed to file notices of possible ineligibility required under Regulation 14 and held that it was without jurisdiction to review the issue. The appellate court, in reversing, held that "The Department's policy, as reflected in Regulation 14, as well as its specific findings in the present case also indicate that it

does not require claimants to satisfy the burden imposed on them of establishing their eligibility for benefits under section 500(C)." (99 Ill. App. 3d 1117, 1126.) We do not agree. We interpret Regulation 14 and the Director's decision in this case to hold that the Act, by virtue of the nature of the issues involved and the procedures provided for appeal from the claims adjudicator's decision, requires a bifurcated hearing, and that section 604 issues and section 500(C) issues will not be considered in the same claims adjudicator's proceeding. We do not construe any provision of Regulation 14 as being intended to obviate the findings required by section 702 (Ill. Rev. Stat. 1977, ch. 48, par. 452).

We have indicated our agreement with the appellate court that the claimants were properly determined to be "not ineligible for benefits under section 604." We further agree that section 702 requires that there must be a finding for each week for which benefits were paid that the claimant was eligible for such benefits. On this record, however, we are unable to agree that no such finding was in fact made. The parties disagree as to what notices were given by plaintiff and when they were given. They also disagree concerning the sufficiency of the notices given by plaintiff to raise the question whether the claimants were actively seeking work. Under the circumstances, we modify the judgment of the appellate court and remand the cause to the Department to ascertain whether determinations of eligibility of claimants for the period of time covered by the strike in question were made in accordance with the provisions of the Act, and in the event that they were not, in further proceedings not inconsistent with this opinion, to make such determinations.

In view of the conclusion reached we need not further consider plaintiff's contentions concerning the denial of its motion to certify its administrative review proceeding as a class action. We note, parenthetically, that as a practical

matter the determination of the issues arising under section 604 were made as to three separate classes of plaintiff's employees, in three orders, in three separate proceedings. Since the issues arising under section 500(C) cannot be determined at this time, there is no further reason to consider the question of proceeding as a class action.

For the same reasons that we do not consider plaintiff's contentions concerning the class action, it is unnecessary that we consider its contentions concerning the holding of the appellate court in its supplemental opinion concerning the joinder of individual defendants.

For the reasons stated, the judgment of the appellate court is modified, and as modified, is affirmed. The cause is remanded to the Department of Labor for further proceedings consistent with this opinion.

*Judgment affirmed as modified;*
*cause remanded.*