WYMAN-GORDON COMPANY, Plaintiff-Appellant, v. E. ALLEN BERNARDI, Director of Labor, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—142

*Opinion filed August 19, 1985, *nunc pro tunc* October 17, 1983.

---

*An order under Supreme Court Rule 23 (87 Ill. 2d R. 23) was originally entered in this case on October 17, 1983 (118 Ill. App. 3d 1161).

Winston & Strawn, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Thomas A. Marshall and Michael T. Prousis, Assistant Attorneys General, of Chicago, of counsel), for appellees.

JUSTICE GOLDBERG delivered the opinion of the court:

A proper disposition of this appeal requires a preliminary statement. After a hearing before the Department of Labor, Division of Unemployment Insurance, a representative of the Director of Labor found certain claimants, employees of Wyman-Gordon Company (plaintiff), "not ineligible for unemployment insurance benefits under the provisions of section 604 of the Illinois Unemployment Insurance Act." (Ill. Rev. Stat. 1981, ch. 48, par. 434.) The Director of Labor affirmed this result. Plaintiff appealed to the circuit court. Ill. Rev. Stat. 1981, ch. 48, par. 520.

After a full hearing the trial court affirmed the ruling of the Director and remanded the cause to the Department to determine the eligibility of claimants pursuant to other sections of the Illinois Unemployment Insurance Act. On January 6, 1983, plaintiff's motion for an "Interlocutory Order Permitting Appeal" was allowed by the trial court, apparently pursuant to Supreme Court Rule 308. (87 Ill. 2d R. 308.) The question certified by the trial judge was "whether an employee who voluntarily chooses not to cross a picket line because of union principles rather than because of a reasonable fear of violence is a participant in a labor dispute pursuant to Section 604 of the Illinois Unemployment Insurance Act."

On January 18, 1983, plaintiff filed an "application for appeal" in this court. The "parts of the trial court record necessary for the determination of the application" (87 Ill. 2d R. 308(c)) were not filed with this application. In due course, an order granting leave to appeal was entered herein. The only record presently before us is an uncertified appendix to the brief filed by the Director of Labor which contains a certification by the Commissioner, the report of the Director's representative, and the decision of the Director.

We find no factual conflict here. The able lawyers on both sides of the controversy agree that the relevant facts are undisputed. For proper determination of this appeal, it is sufficient to state that plaintiff operates an industrial plant. Using informal names, the labor unions with members working for plaintiff are: machinists, electrical workers, steel workers, die sinkers and boiler makers.

The boiler makers struck the plant and established a picket line. Certain members of this striking union were accordingly held ineligible to receive unemployment benefits. Certain members of the other unions, including the claimants herein, did not cross the picket line but claimed unemployment benefits. The parties agree that there was no violence in connection with the strike. A claims adjudicator held that the claimants involved in this appeal were unemployed because of a labor dispute and they were not ineligible for benefits.

Plaintiff appealed to the Director of Labor. A hearing was held before a representative of the Director. The claimants here involved were held "not ineligible for unemployment insurance benefits" for the period in question. The representative of the Director cited *Nestle Co. v. Johnson* (1979), 68 Ill. App. 3d 17, 385 N.E.2d 793. This case held that under the pertinent statute, as amended, simple failure of a claimant to cross a picket line is not sufficient by itself to prove lack of eligibility. (68 Ill. App. 3d 17, 20.) Accordingly, the representative rejected plaintiff's contention that the claimants were participants in a labor dispute and therefore ineligible for compensation. His opinion stated:

> "There was simply no showing of anything at all which, when added to failure to cross the picket line, would then, as a matter of law, transpose that failure into a disqualifying 'participation in the labor dispute.' "

In due course the Director affirmed this result. The appeal involves section 604 of the Unemployment Insurance Act. The pertinent statute provides (Ill. Rev. Stat. 1981, ch. 48, par 434):

> "Labor dispute. An individual shall be ineligible for benefits for any week with respect to which it is found that his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed. \*\*\*. This Section shall not apply if it is shown that (A) the individual is not participating in or financing or directly interested in the labor dispute which caused the stoppage of work and (B) he does not belong to a grade or class of workers of which immediately before the commencement of the stoppage there were members

employed at the premises at which the stoppage occurs, any of whom are participating in or financing or directly interested in the dispute; *provided, that a lockout by the employer or an individual's failure to cross a picket line \*\*\* shall not, in itself, be deemed to be participation by him in the labor dispute."* (Emphasis added.)

The italicized portion of this statute was added by amendment in 1975. Able counsel for plaintiff argue at some length that the words "in itself" stated above in the amendment to the statute show a legislative intention that employees who fail to cross a picket line because of union principles should be held ineligible for benefits. Plaintiff cites and depends upon various decisions by the National Labor Relations Board and also cases such as *Sangamo Electric Co. v. Donnelly* (1962), 26 Ill. 2d 348, 186 N.E.2d 230, and *American Brake Shoe Co. v. Annunzio* (1950), 405 Ill. 44, 90 N.E.2d 83.

■ However, this court is bound by and will follow the recent decision by the Supreme Court of Illinois in *Owens-Illinois, Inc. v. Bowling* (1983), 95 Ill. 2d 397, 447 N.E.2d 1324. There, precisely as in the case at bar, employees of plaintiff declined to cross the picket line of another union ·whose members were employed at the same plant. The decision of the supreme court expressly points out that the amendment to section 604 above cited, referred to as the "relieving proviso" of the statute, was added by the General Assembly to "overturn" *Sangamo Electric Co.* and *American Brake Shoe Co.* See *Owens-Illinois, Inc. v. Bowling* (1983), 95 Ill. 2d 397, 401.

■ Thus, the decisive and only issue here is whether there is any evidence in this record, over and above the mere failure of claimants to cross the picket line, which would prove their ineligibility. The failure to cross the picket line is not "in itself" sufficient to prove claimants were participants in the labor dispute. See Ill. Rev. Stat. 1981, ch. 48, par. 434.

■ The duty of this court is thus apparent. We need simply determine whether the case before us is in the category described in the amendment to the statute. Counsel before us all agree that the statute above quoted is unambiguous. We also agree. In such a situation, this court is obliged to accept the statute and to give the language thereof its clear and plain effect. " 'We cannot restrict nor enlarge the plain meaning of an unambiguous statute.' " (*Kozak v. Retirement Board* (1983), 95 Ill. 2d 211, 216, 447 N.E.2d 394, quoting *Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 133, 302 N.E.2d 313.) Thus, proof only that an employee failed to cross the picket line of another union does not, "in itself" show that this employee is a partici-

pant in a labor dispute and therefore ineligible for benefits.

The record before us does not contain a report of the proceedings in the administrative agency. The record contains a report of the Director's representative. This report, as shown, makes a specific finding that there is no evidence to show that the claimants were participants in the labor dispute. We also have before us the formal finding of the Director that the claimants are not ineligible.

■ The law is clear that findings of an administrative agency on questions of fact are taken as *"prima facie* true and correct." (Ill. Rev. Stat. 1981, ch. 110, par. 274, now codified as par. 3—110.) Also, this court has consistently held it is bound by agency findings of fact which are not contrary to the manifest weight of the evidence. *Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 550, 426 N.E.2d 885; *Caterpillar Tractor Co. v. Industrial Com.* (1980), 81 Ill. 2d 416, 421, 410 N.E.2d 850.

■ Plaintiff contends in its brief that the evidence before the Director established that the claimants refused to cross the picket line because of union principles. This statement of purported fact contains no reference to the record before us. (See 87 Ill. 2d R. 341(e)(6).) Thus, the statement is not supported by the record before us, and it is directly contrary to the finding of fact stated in the report by the Director's representative as above set out.

In this regard, it is the duty of every appellant in a reviewing court properly to preserve the record of proceedings for the information of the court. Where the evidence is not all thus brought before this court, we are required to assume that it is sufficient to support the judgment appealed from. (*Marshall E. Winokur, Ltd. v. Shane* (1980), 89 Ill. App. 3d 551, 552, 411 N.E.2d 1142; *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550.) It follows necessarily that it is the duty of this court to affirm the judgment appealed from.

Judgment affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.