PHILLIP J. CENTRACCHIO, Plaintiff-Appellee, v. ROSSI CONSTRUCTION COMPANY, Defendant and Third–Party Plaintiff-Appellant (The City of Chicago, Third–Party Defendant-Appellee).

First District (2nd Division) Nos. 87—2099, 87—2247 cons.

Opinion filed May 17, 1988.—Rehearing denied June 14, 1988.

---

*Justice Stamos participated in the decision of this case prior to taking office as a supreme court judge.

Baker & McKenzie and Laughlin, Cunningham, Hare & Fanone, both of Chicago (Francis D. Morrissey, Marie A. Monahan, Anthony V. Fanone, and John F. Laughlin, of counsel), for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Frederick S. Rhine, Assistant Corporation Counsel, of counsel), for appellee City of Chicago.

Edward R. Vrdolyak, Ltd., of Chicago, for appellee Phillip J. Centracchio.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff, a Chicago police officer, brought this action against Rossi Construction Company (Rossi) to recover for injuries allegedly sustained as a result of a one-car accident on a roadway where Rossi was doing road construction work. Rossi filed a third-party action against the City of Chicago on the ground that the city-owned car driven by the plaintiff was defective and thereby caused the accident. At the close of Rossi's case the court granted the city's motion for a directed verdict. Although the jury returned a verdict for Rossi, the trial judge granted plaintiff's motion for a new trial. Rossi appeals, arguing that the trial court erred in (1) granting the city's motion for a directed verdict; (2) barring testimony of the police officer who inspected the vehicle in question; and (3) granting plaintiff a new trial.

On the morning of August 31, 1980, plaintiff was driving his police car east on 130th Street at about 30 miles per hour. It had been raining that day and the road was wet. East 130th Street is a four-lane street; however, because the two permanent eastbound lanes were under construction, plaintiff was traveling on one of the permanent westbound lanes that was temporarily designated as an eastbound lane.

Rossi had undertaken road construction work on east 130th Street pursuant to a contract with the County of Cook and had subcontracted with Western Traffic to provide traffic safety services to the jobsite, including signs, barricades and warning lights. In addition to adhering to a regular maintenance schedule, Western's normal procedure was to make complete inspections of the site before long holiday weekends to ensure safe travel conditions for the public. Specifically, at the time the jobsite closed on August 29, 1980, the Friday before the Labor Day weekend, it was inspected by Western and found to be adequately maintained and safe; construction activity had shut down completely from that time until after plaintiff's accident on Sunday, August 31, 1980.

The jobsite was also inspected on Friday, August 29, 1980, by Leroy Hild, Rossi's construction supervisor. Hild testified that he customarily made a drive-through inspection at the end of every workday to ensure that all safety precautions were taken and to make certain that all construction material and equipment were off the roadway so the road would be clear for motor vehicles. Hild further testified that the road was clear when he made his inspection.

On Sunday morning, August 31, 1980, Hild again inspected the site, in response to a call from the Port Authority of Chicago, which had called Rossi to report flooding in the roadway. Hild inspected the entire length of the work area and found nothing unusual in the open roadway.

Plaintiff's accident occurred an hour after Hild left the jobsite. Approximately 100 to 150 feet after leaving a bridge, plaintiff saw two piles of gravel about 18 inches high, 18 inches wide, and placed about 18 inches apart, with their bottoms "melt[ing] into one another." He saw the two piles of gravel just seconds before the right front wheel of his car went over them; his back wheel may have gone over the piles as well. After his car struck the gravel it began sliding to the right. At first plaintiff "kind of went with" the slide, but then turned his steering wheel once to the left to try to break out of it; the wheel turned, but when plaintiff was unable to turn out of the slide, the car slid through a large pile of four-by-fours and collided with a newly poured cement curb.

Officers John Dorris and Felix Contreras, who came upon the scene subsequent to the incident, both testified that although there was loose gravel scattered about the roadway, there were no piles of it. Police photos taken at the site immediately following the accident show no piles of gravel in the roadway. Immediately following the site investigation, Officers Dorris and Contreras continued to the hospital where plaintiff had been taken and they spoke with him concerning the accident. Plaintiff told the officers that "he had hit some gravel while travelling eastbound on 130th Street, lost control of the vehicle and *** thought the power steering had gone out."

At the close of Rossi's case, and over Rossi's objection, the trial judge entered a directed verdict in favor of the city. At the close of all the evidence, the jury returned a verdict in favor of Rossi. Subsequently, the judge granted plaintiff's motion for a new trial. (A transcript of the hearing on this motion is not included in the record on appeal.) Rossi appeals from both orders.

OPINION

■1 I. Whether the trial court erred in granting the city's motion for a directed verdict.

The Illinois Supreme Court has held that verdicts should be directed "only in those cases in which all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors [the] movant that no contrary verdict *** could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d

504.) Rossi contends that the trial court erred in directing a verdict in favor of the city because there was ample evidence to show that plaintiff's accident was caused by the city's conduct. In support of its argument that a jury could reasonably have concluded that the defective condition of the vehicle's power steering caused plaintiff's accident, Rossi cites plaintiff's testimony that at the time of the accident the power steering on the city's vehicle failed to respond.

The city contends that Rossi waived its argument that the evidence was sufficient to show that the city's negligence caused plaintiff's accident because it did not include this argument in its post-trial motion. See Supreme Court Rule 366(b)(2)(iii) (107 Ill. 2d R. 366(b)(2)(iii)): "A party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not specified in the motion."

Addressing the merits of Rossi's argument, the city contends that there was no evidence that it could have anticipated the car's purported malfunction and therefore no evidence that it was negligent. Plaintiff testified that he had no problems with the power steering mechanism in the four years he had driven the car; that if he had any problems, a police department order required him to notify motor maintenance to get the car repaired; and that as far as he knew the power steering had never required repair.

In refusing to give Rossi's proposed jury instruction on the city's failure to notify plaintiff of the defective condition of the car, the trial judge stated:

"The testimony as I heard the evidence was that nothing happened to the car prior to he started sliding [sic]. That was the testimony. Now, he said the car didn't respond when he tried to turn it out of the skid. That's not exactly the same thing as saying there's a defect."

The purpose of requiring parties to make post-trial motions is to afford the trial judge the opportunity to review his decisions and to prevent parties from raising arguments on appeal which the trial judge did not have an opportunity to consider. (*Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 348-49, 415 N.E.2d 337.) Inasmuch as Rossi failed to raise its argument regarding the sufficiency of the evidence of the city's negligence before the trial judge, we must decline to consider it on appeal.

■ II. Whether the trial court erred in barring testimony of the police officer who inspected the vehicle in question.

At trial, Rossi was precluded from presenting the testimony of Carl Kurth, a Chicago police officer who prepared a report on the

condition of the car in question. The trial court barred Kurth's testimony because Rossi had not disclosed him as an expert, as required by Supreme Court Rule 220 (107 Ill. 2d R. 220). That rule provides in part as follows:

> "(1) Definition of expert witness. An expert is a person who, because of education, training or experience, possesses knowledge of a specialized nature beyond that of the average person on a factual matter material to a claim or defense in pending litigation and who may be expected to render an opinion within his expertise at trial."

Rossi claims that it did not intend to call Kurth as an expert, but merely to testify to his observations, specifically that (1) the power steering pump was empty of fluid; (2) the power steering gear box leaked; (3) the engine problems made it difficult to turn the car; and (4) the vehicle pulled to the right when the brakes were applied, because of the discrepancy in size between the two front tires. Rossi also contents that the city would not be surprised or prejudiced by Kurth's testimony, since it knew about his report and its contents and also had ordered his inspection of the vehicle.

The city responds that Rossi has waived this argument. On May 4, 1987, the trial court ruled on plaintiff's motion *in limine,* which is not included in the record on appeal. The court ordered Rossi's third-party complaint against the city severed from the main case of *Centracchio v. Rossi Construction,* and barred the testimony of Kurth in that case. Apparently Rossi made an offer of proof at that time regarding Kurth's testimony, but that offer of proof does not appear in the record. The next day, May 5, 1987, the court, ruling on a joint motion of the parties that is not of record, reconsolidated the main case with the third-party action. On May 8, 1987, during the trial, counsel for Rossi made what he claimed was the same offer of proof he had made during the hearing on the motion *in limine.* The court again concluded that Kurth was an expert and barred his testimony.

The city contends that Rossi failed to furnish a record sufficient to permit a reasoned evaluation of the court's ruling on the admission of Kurth's testimony. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.) The city also argues that Kurth's testimony was barred in Rossi's action against the city only because Rossi participated in a joint motion to consolidate that action with the main case, in which the ruling on Kurth's testimony originally had been made. Addressing the merits of Rossi's argument, the city contends that a trial court is given broad discretion in determining whether a witness is classified as an expert witness (*Greene v. Rogers* (1986), 147 Ill. App. 3d 1009,

498 N.E.2d 867) and there has been no abuse of discretion in this case.

Rossi repeated its offer of proof in order to preserve the record, and the parties did not argue the reason for excluding Kurth's testimony a second time. Because neither the motion *in limine* nor a transcript of the hearing on that motion is included in the record, we, of course, do not know the basis of the trial judge's ruling. It is the responsibility of the appellant to present a sufficiently complete record of the proceedings in the trial court to support a claim of error, and, in the absence of such a record on appeal, it will be presumed that the court acted in conformity with the law and that it had a sufficient factual basis for its ruling. (*Wyman-Gordon Co. v. Bernardi* (1985), 135 Ill. App. 3d 685, 481 N.E.2d 1285; *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958.) Rossi has failed to present this court with a record sufficiently complete to support its claim of error; therefore, we must conclude that the trial court's ruling was correct.

■ III. Whether the trial court erred in granting plaintiff a new trial.

Rossi argues that the trial court erred in granting plaintiff a new trial when the evidence presented during the trial supported the jury's verdict and no showing was made that plaintiff was denied a fair trial. (*Reidelberger v. Highland Body Shop, Inc.* (1979), 79 Ill. App. 3d 1138, 399 N.E.2d 247; *Bradley v. Caterpillar Tractor Co.* (1979), 75 Ill. App. 3d 890, 394 N.E.2d 825.) Rossi contends that ample evidence was presented to the jury by (1) the investigating officers who testified that when they arrived on the scene they found no piles of gravel; (2) police photographs in support of the officers' testimony; (3) Hild's testimony that he inspected the site shortly before the accident and noticed nothing unusual; (4) Hild's testimony that no work had been done on the site for 40 hours before the accident.

Plaintiff responds that the only evidence as to the occurrence was his testimony. He contends that his testimony was unimpeached and uncontradicted, and therefore the jury could not disregard his testimony. *Drake v. Harrison* (1987), 151 Ill. App. 3d 1082, 503 N.E.2d 1072; *People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 430 N.E.2d 1126.

On a motion for a new trial a court should weigh the evidence and set aside the verdict and order a new trial only if the verdict is contrary to the manifest weight of the evidence. (*Mizowek v. DeFranco* (1976), 64 Ill. 2d 303, 310, 356 N.E.2d 32.) As previously noted, the evidence in this case revealed that there were no mounds of gravel to be found on the highway after the accident by investigating officers;

police photos taken at the site immediately following the accident showed no such mounds; and that plaintiff told the investigating officers, among other things, that he thought "the power steering had gone out." The jury's verdict was not contrary to the manifest weight of the evidence, and the trial court erred in granting plaintiff's motion for a new trial.

For the foregoing reasons, the judgment of the circuit court of Cook County in favor of the City of Chicago is affirmed and its judgment in favor of plaintiff is reversed.

Affirmed in part and reversed in part.

*Justice Stamos participated in the decision of this case prior to taking office as a supreme court judge.