2022 IL App (1st) 210512-U

No. 1-21-0512

Order filed June 15, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| GARY DAVIDSON and NANCI DAVIDSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| DR. THOMAS S. FLACH; DR. THOMAS S. FLACH & | ) | |
| ASSOCIATES, P.C.; DR. RIZWAN BAJWA; | ) | No. 16 L 4616 |
| ADVENTIST LAGRANGE MEMORIAL HOSPITAL; | ) | |
| ADVENTIST MIDWEST HEALTH; and ADVENTIST | ) | |
| HEALTH PARTNERS, INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Dr. Thomas S. Flach and Dr. Thomas S. Flach & | ) | Mary R. Minella |
| Associates, P.C., Defendants-Appellees). | ) | Judge presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Gordon and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's grant of defendants' motion *in limine* No. 6, where plaintiffs, as appellants, have failed to provide a sufficient record on appeal to determine whether the court abused its discretion in granting the motion.

¶ 2    As Gary and Nanci Davidson's (plaintiffs) medical malpractice lawsuit against Dr. Thomas S. Flach and Dr. Thomas S. Flach & Associates, P.C. (defendants) approached a jury trial, defendants filed a motion *in limine* to bar Nanci from testifying to a purported conversation with Dr. Flach. Because the record on appeal does not contain defendants' motion *in limine* or any response, the transcript of the hearing on defendants' motion or a bystander's report of that hearing, or even the trial court's order on the motion, all we know for certain is that the trial court granted the motion *in limine*. The case proceeded to trial, where the jury found defendants not liable. After filing an unsuccessful posttrial motion for new trial, plaintiffs appealed. On appeal, they contend that the trial court erred in granting defendants' motion *in limine*. For the reasons that follow, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    Beginning in May 2012, Dr. Flach treated Gary for episodes of him passing out and having difficulty speaking. Ultimately, in March 2015, Gary was hospitalized as a result of similar incidents. During his stay in the hospital, he suffered a seizure and multiple strokes. In May 2016, Gary and his wife, Nanci, sued Dr. Flach and Dr. Flach's business as well as various other parties for medical malpractice. Several months later, plaintiffs amended their complaint and, in relevant part, alleged that defendants were negligent in failing to assess, diagnose and treat Gary's condition, which allegedly led to him suffering the strokes. Plaintiffs claimed that, as a result of defendants' negligence, Gary suffered permanent physical injury, loss of normal life, past and future pain, and suffering. Defendants filed an answer to plaintiffs' amended complaint and denied any negligence. Defendants also filed a demand for a jury trial.

¶ 5    The case proceeded, and the parties conducted discovery and filed various motions. In December 2019, plaintiffs moved to voluntarily dismiss without prejudice, and with leave to refile

against all of the defendants except Dr. Flach and Dr. Thomas S. Flach & Associates, P.C. The following month, the trial court granted plaintiffs' motion, resulting in the case continuing against only Dr. Flach and Dr. Thomas S. Flach & Associates, P.C.

¶ 6    On February 14, 2020, the trial court entered an order transferring the case to the presiding judge of the law division so that the case could be assigned to a trial judge with a trial beginning soon after.[1] Five days later, the court heard arguments on the parties' various motions *in limine*. However, none of those motions are included in the record on appeal. Likewise, no transcript of the hearing on these motions or bystander's report of the hearing are included in the record on appeal. And the court's orders on the motions are not included in the record on appeal. The court granted defendants' motion *in limine* No. 6, which had sought to bar Nanci from testifying about a conversation with Dr. Flach. After disposing of the various pretrial motions, the court held a jury trial. After deliberations, the jury returned a general verdict finding Dr. Flach and Dr. Thomas S. Flach & Associates, P.C. not liable to plaintiffs. The court subsequently entered a judgment on the verdict.

¶ 7    Thereafter, plaintiffs filed a posttrial motion for new trial arguing, in relevant part, that the trial court erred in granting defendants' motion *in limine* No. 6, where the court found that Nanci's purported conversation with Dr. Flach constituted hearsay. According to plaintiffs' posttrial motion, in September 2014, Nanci, Gary and Dr. Flach had a conversation about Gary's health, and during that conversation, Nanci asked Dr. Flach if he should " 'do some blood tests.' " In response, according to the posttrial motion, Dr. Flach stated " 'no' " because the blood tests " 'won't tell us anything.' " Plaintiffs remarked that, during the jury trial, Dr. Flach testified that he

---

[1] At this point in the litigation, the case was assigned to Judge Mary R. Minella.

had not examined Gary since December 2013, and defendants therefore argued that Dr. Flach had no opportunity to do something for Gary since he had not examined Gary in the 15-month period before Gary suffered the strokes. Plaintiffs observed that, during the argument on defendants' motion *in limine* No. 6, they "pointed out repeatedly to the trial judge that Nanci Davidson's proposed testimony and Dr. Flach's response, 'No, it (blood tests) won't show us anything' was not hearsay." According to the plaintiffs' posttrial motion, despite their argument, the trial court found Nanci's testimony inadmissible as hearsay. They, however, posited that her proposed testimony was not hearsay, and if it was, came under the exceptions to the hearsay rule as excited utterances, or statements for the purposes of medical diagnosis or treatment. Plaintiffs argued that Nanci's inability to testify to that conversation with Dr. Flach and convey to the jury that Dr. Flach could have done something for Gary in the 15-month period before he suffered his strokes overwhelmingly prejudiced them and warranted a new trial.

¶ 8    In defendants' response, they asserted that Nanci's proposed testimony was hearsay and not admissible under the exceptions for excited utterances, or statements for the purposes of medical diagnosis or treatment. And thus, defendants argued that the trial court correctly barred her testimony. They also posited that, because the jury entered a general verdict and plaintiffs did not seek special interrogatories, the "two-issue rule" precluded disturbing the general verdict as there was sufficient evidence to support at least one of the determinative issues that was free from alleged error. The trial court ultimately denied plaintiffs' posttrial motion and noted that the reasons for denying the motion were stated on the record. The court also incorporated the transcript of the hearing on plaintiffs' posttrial motion into its written order. However, this transcript was not included in the record on appeal, nor was the written order.

¶ 9 Plaintiffs subsequently appealed. In their request for the preparation of the record on appeal, their attorney only requested the common law record and documentary exhibits entered at trial. Plaintiffs' attorney did not request the reports of proceedings created during the hearing on the motion *in limine*.

¶ 10                                    II. ANALYSIS

¶ 11 The sole issue that plaintiffs raise on appeal is that the trial court erred in granting defendants' motion *in limine* No. 6, which barred Nanci from testifying about the purported conversation with Dr. Flach.

¶ 12 "A motion *in limine* allows a party to obtain a pretrial order barring certain evidence from being presented during trial." *Inman v. Howe Freightways, Inc.*, 2019 IL App (1st) 172459, ¶ 140. By using a pretrial motion *in limine*, "the moving party safeguards against the prejudicial impact possibly resulting from asking questions and making objections regarding the inadmissible evidence before the jury." *Kutchins v. Berg*, 264 Ill. App. 3d 926, 930 (1994). The trial court must use caution when ruling on such a motion because barring evidence "may unduly restrict the opposing party's presentation of its case." *Rush v. Hamdy*, 255 Ill. App. 3d 352, 365 (1993). Contrary to plaintiffs' assertion of *de novo* review, which they argue for without legal citation, in ruling on a motion *in limine*, the court has discretion, and its decision will not be reversed absent an abuse of that discretion. *Swick v. Liautaud*, 169 Ill. 2d 504, 521 (1996). This standard of review "is highly deferential" (*Taylor v. County of Cook*, 2011 IL App (1st) 093085, ¶ 23), and an abuse of discretion occurs only where the court's decision was unreasonable or arbitrary, or where no reasonable person would adopt the same view. *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009).

¶ 13 Before analyzing whether the trial court abused its discretion in granting defendants' motion *in limine* No. 6, we must address the state of the record on appeal. As noted by defendants,

despite challenging their motion *in limine* No. 6, plaintiffs do not include the actual motion in the record on appeal. Likewise, plaintiffs do not include the transcript of the court's hearing on the motion or a bystander's report of that hearing, or the court's order on the motion. Such omissions by plaintiffs constitute violations of our supreme court rules. For instance, Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) provides that "[t]he record on appeal shall consist of the judgment appealed from," amongst other documents, as well as "any report of proceedings prepared in accordance with Rule 323." In turn, Illinois Supreme Court Rule 323(a) (eff. July 1, 2017) provides, in part, that "[t]he report of proceedings shall include all the evidence pertinent to the issues on appeal." The rule further provides that, "[i]f no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection," which will be certified by the trial court if accurate. Ill. S. Ct. R. 323(c) (eff. July 1, 2017). There is good reason for these rules. In order to review a claim of error by the trial court on appeal, "it is incumbent upon [the appellant] to present a record of the proceedings and judgments sufficient to show the errors of which he complains." *Higgins v. Columbia Tool Steel Co.*, 76 Ill. App. 3d 769, 776 (1979).

¶ 14     In this case, as discussed, to reverse the trial court's grant of defendants' motion *in limine* No. 6, we would have to find that the court acted unreasonably or arbitrarily in ruling as such and thus, abused its discretion. See *Blum*, 235 Ill. 2d at 36. Without the motion *in limine* itself, the transcript of the court's hearing on the motion or a bystander's report of that hearing, and the court's order on the motion, we have no way of determining why the court granted defendants' motion. When the standard of review is for an abuse of discretion, the "why" is essential in determining if the court erred. See *Romito v. City of Chicago*, 2019 IL App (1st) 181152, ¶ 24.

¶ 15    It is well established that the appellants have the burden to present a complete record on appeal to support their claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of a sufficiently complete record on appeal, we will presume that the trial court's order "was in conformity with law and had a sufficient factual basis." *Id.* at 392. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* In plaintiffs' posttrial motion for a new trial and defendants' response to that motion, the reasons for the trial court's decision seem to appear. However, "[f]actual allegations contained in a post-trial motion may not be used as a substitute for a proper report of proceedings." *Investors Shelter Corp. v. Chernick*, 58 Ill. App. 3d 446, 447 (1978). Similarly, in plaintiffs' brief, the court's reasoning also seems to appear. But "assertions in an appellate brief cannot serve as a substitute for a proper record." *Coombs v. Wisconsin National Life Insurance Co.*, 111 Ill. App. 3d 745, 746 (1982). Thus, while plaintiffs' posttrial motion and their appellants' brief do shed some light into the trial court's decision to grant defendants' motion *in limine* No. 6, we cannot rely on their assertions therein absent a proper record on appeal.

¶ 16    Given that we do not have a proper record of the trial court's reasons for granting defendants' motion *in limine* No. 6 and the abuse of discretion standard is "highly deferential" to the court (*Taylor*, 2011 IL App (1st) 093085, ¶ 23), we have no basis to find the court's ruling was arbitrary or unreasonable. See *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005) ("An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding."); *Illinois Founders Insurance Co. v. Williams*, 2015 IL App (1st) 122481, ¶ 56 (finding that, absent a report of proceeding or bystander's report of a hearing, the appellate court could not "divine the trial court's reasoning" in denying a motion for leave to file a second amended counterclaim and thus could not determine

whether the court abused its discretion). In light of this record, or the lack thereof, we cannot say the trial court abused its discretion in granting defendants' motion *in limine* No. 6 and must presume that the court's ruling on the motion was correct. See *Foutch*, 99 Ill. 2d at 392; see also *Centracchio v. Rossi Construction Co.*, 170 Ill. App. 3d 1007, 1013 (1988) (where the appellant did not include a motion *in limine* or the transcript of the hearing on the motion in the record on appeal, the appellate court could "not know the basis of the trial judge's ruling" and therefore, the appellate court had to "conclude that the trial court's ruling was correct").

¶ 17 Moreover, even if we could say that the trial court abused its discretion in granting defendants' motion *in limine* No. 6, the deficient record would preclude us from finding such an error was reversible. A court's erroneous ruling on a motion *in limine* is not *per se* reversible error. *Holland v. Schwan's Home Service, Inc.*, 2013 IL App (5th) 110560, ¶ 192. Errors in evidentiary rulings are only reversible if the error was "substantially prejudicial and affected the outcome of trial." *Jackson v. Pellerano*, 210 Ill. App. 3d 464, 471 (1991). In other words, "where it appears an error did not affect the outcome of the trial, or where the reviewing court can see from the entire record that no harm has been done, the judgment will not be disturbed." *Id.* In the instant case, because we also do not have any transcripts from the jury trial itself, we would have no way to determine whether the court's alleged error in granting defendants' motion *in limine* No. 6 affected the outcome of the trial. For this reason, even if the trial court erred in granting defendants' motion, we would have no basis to find that error reversible.

¶ 18                                III. CONCLUSION

¶ 19 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 20 Affirmed.